(174 App. Div. 569)

### In re WOODBURY, Atty. Gen.

(Supreme Court, Appellate Division, Third Department. September 13, 1916.)

ELECTIONS ⊙⟶317.—EXPENDITURES BY POLITICAL COMMITTEE—FILING OF STATEMENT—WHEN REQUISITE—STATUTE.

Under Election Law (Consol. Laws, c. 17) § 546, requiring that the treasurer of every political committee shall file a statement of campaign receipts and payments, and section 540, defining the words "political committee," where three or more persons co-operate to bring about the election or defeat of a candidate or a proposition at an election, and make any expenditures of money in so doing, as by circulating literature asking voters to attend the polls and vote against a proposition, they must make a report of their receipts and disbursements entering into the campaign, except that the rule does not apply to any committee or organization for the discussion or advancement of political questions or principles without connection with any election.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 344; Dec. Dig. ⊙⟶317.]

Appeal from Special Term, Albany County.

Application by Egburt E. Woodbury, Attorney General, for an order requiring the Home Rule Tax Association to file a statement and account of receipts and expenditures in connection with the general election of 1915. From an order denying a motion to dismiss the proceedings for insufficiency of the moving papers, etc., the Tax Association and Charles S. Mereness, individually and as its president, and Francis A. Willard, individually and as its secretary, appeal. Order affirmed.

Appeal granted and question certified to Court of Appeals, 160 N. Y. Supp. 1151.

Argued before JOHN M. KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Staley & Tobin, of Albany (Michael D. Reilly, of Albany, of counsel), for appellants.

Edward G. Griffin, Deputy Atty. Gen., for respondent.

⊙⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

JOHN M. KELLOGG, P. J. Section 540 of the Election Law has defined the words "political committee," and has left nothing for inference as to their meaning. The expression is not limited to political committees as such. If we read the definition there given into section 546 of the Election Law, it is plain that, where three or more persons co-operate to bring about the election or defeat of a candidate or a proposition at an election, and make any expenditures of money in so doing, they must make a report of their receipts and disbursements. The only exception to the rule is that it shall not apply "to or in any respect of any committee or organization for the discussion or advancement of political questions or principles without connection with any election." The caption of the act, "Corrupt Practices," indicates its purpose. It was intended to do away with the improper use of money with reference to elections, by requiring publicity as to receipts and disbursements. The statute should have a liberal and fair interpretation in order to carry out its obvious intent.

Concededly the defendant circulated literature seeking to defeat a proposition pending at the election for the amendment of the Constitution. It not only circulated its general literature, but referred to the election and asked the voters receiving the literature to attend at the polls and vote against the proposition. Clearly the expenditure for that purpose cannot be considered as "without connection with any election." The expenditures were made directly in connection with the election. It is not claimed that the appellant is required to report as to its general receipts and disbursements, which are made in the prosecution of its ordinary affairs; but it must report, and, in the investigation of its expense, inquiry may be made with reference to, any receipts and expenditures which entered into the campaign carried on by it to defeat the proposition. The order appealed from denied an application to dismiss the proceedings, and ordered the inquiry contemplated by the statute to be heard at Special Term. The court will properly limit the inquiry within the act, and we need not, therefore, consider whether the order to show cause was too broad, or whether an examination conducted strictly according to its terms might not be beyond the provisions of the statute. I therefore favor an affirmance.

Order affirmed, with $10 costs and disbursements. All concur.