MARIE TUDOR GARLAND HALE, Respondent, *v.* ALCAN HIRSCH and Another, Appellants, Impleaded with WILLIAM KOHN, Defendant.

First Department, May 4, 1923.

Associations — action against members of political party to recover money loaned to party under agreement in writing — motion under Rules of Civil Practice, rule 109, to strike out affirmative defense must be made within ten days after service of answer — failure to make motion within time disregarded — complaint insufficient — defense that prior oral agreement was made by plaintiff and political party that loan should be repaid out of campaign subscriptions will not be stricken out.

A motion pursuant to rule 109 of the Rules of Civil Practice to strike out an affirmative defense must be made within ten days after the service of the answer, unless an extension of time has been obtained; failure to make the motion in this action within the time prescribed was disregarded by the Appellate Division and the case determined on the merits in order to save the time of the courts and parties.

In an action against individual members of a political party to recover the amount of a loan made to the party under a written agreement, the complaint does not state facts sufficient to constitute a cause of action, where it fails to allege that the individual members sued agreed to become responsible for the loan, or that those acting for the party in making the loan had authority to bind the individual members, and there is nothing in the agreement on which the loan was made to establish the liability of the defendants.

The affirmative defense, to the effect, that prior to the making of the agreement the plaintiff and the political party entered into an oral agreement that the loan should be repaid from the campaign subscriptions, should not have been stricken out on the ground that it tended to vary the terms of the written contract, and, therefore, could not be proven, for that rule does not apply except as between the parties to an agreement, and in this case the individual defendants were not parties to the loan agreement and it would, therefore, be competent for the defendants to show an express agreement that the loan was to be repaid out of campaign subscriptions.

APPEAL by the defendants, Alcan Hirsch and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 18th day of December, 1922, granting plaintiff's motion to strike out an affirmative defense contained in the answer of each of the appellants.

*Jerome H. Buck,* for the appellants.

*Mayer C. Goldman,* for the respondent.

PAGE, J.:

The action is brought under section 16 of the General Associations Law (as added by Laws of 1920, chap. 915; formerly Code Civ.

Proc. § 1922), which law was thus renamed from the Joint-Stock Association Law, against three members of the Farmer-Labor party, hereinafter referred to as the Party, to recover money loaned to the Party upon an agreement in writing signed by the chairman, secretary, treasurer and assistant treasurer, wherein it was recited that the Party was without sufficient working capital to enter upon the coming campaign and was desirous of "sending out appeals for funds and the raising of subscriptions and pledges for the purposes of the campaign and" that it was the expectation of the Party and of the persons who signed the agreement on its behalf that the amount which would be raised between the date of the agreement and November would be greatly in excess of the loan contemplated by the agreement. The agreement provided that the plaintiff would loan to the Party to be paid to its treasurer, certain sums to be requested by the Party and agreed to by her for the purposes of the Party above stated; the loan to be paid in monthly installments as therein specified. The agreement then provides:

"3. It is contemplated by this agreement that the campaign funds as they come in will much more than equal in current amounts the fractions set forth under (a), (b), and (c) of the last paragraph. It is also realized by the persons who sign on behalf of The Party that Mrs. Garland is relying for protection not only upon the legal responsibility of The Party but upon the moral responsibility of such persons, and that having confidence in them she looks to them for wise administration of the funds in question and the safeguarding of the interests of all concerned.

"4. It is agreed that Mrs. Garland desires so far as possible to remain anonymous in rendering this immediate help to the campaign fund of The Party (although her interest in The Party itself is widely known) and no unnecessary information shall be given to anyone as to her identity."

The complaint alleges that in pursuance of this agreement the plaintiff loaned $4,000 to the Party and the members thereof, no part of which has been repaid; that the persons so associated as members of the Party, including the defendants, adopted and were governed by certain rules, conditions or articles of association and by a platform, constitution and by-laws also duly adopted, which were subscribed or consented to by the members of said association, including the defendants, which gave divers powers to the officers and control in conducting the transactions, concerns and business of the Party and the members thereof; all of which plaintiff begs leave to refer to and to offer in evidence. The complaint further alleges the commencement of an action against the Party, the recovery of a judgment for $4,300.14; the issuance of an

execution and its return by the sheriff unsatisfied, and that no part of the judgment has been paid.

The order could be reversed on procedural grounds. The motion was made pursuant to rule 109 of the Rules of Civil Practice which provides that such a motion shall be made within ten days after the service of the answer. The purpose of this requirement was to insure a speedy determination of the specified preliminary objections to the end that the trial of the merits of the action may not be unnecessarily delayed. This was not a motion that could have been made pursuant to rule 112, for it is not a motion for judgment. A strict adherence to the rules will facilitate the reform in practice sought to be adopted. If for any valid reason the motion cannot be made within the time limited an extension should be obtained before its expiration. In order, however, to save the time of the courts and parties, we deem it wiser to dispose of the appeal upon the merits.

The Party is a voluntary unincorporated association of more than seven members organized to advance certain political theories and objects, and to attain its ends through appeals to the electorate of the State. It was in no sense a partnership, and if any liabilities are to be fastened upon any of its members it must be by reason of the acts of the members of Party or by reason of the acts of their agents duly authorized by the members themselves. The authority to create such liability will not be presumed or implied from the existence of general power to attend to or transact the business or promote the objects for which the association was formed. It is for the plaintiff to plead and prove this authority. She was a member of the organization and must have known the limitation of the agency of those with whom she was dealing. (*McCabe* v. *Goodfellow*, 133 N. Y. 89; *National Bank* v. *Van Derwerker*, 74 id. 234.) There is nothing in the agreement annexed to the complaint to show that it was the intention of the parties thereto to place any liability on the individual members for a repayment of the loan, and it is not definitely alleged in the complaint that the officers who signed the agreement had authority to pledge the individual credit of the members. Therefore, the cause of action is insufficiently stated. If the complaint were sufficient the affirmative defense could not be stricken out. It is therein alleged that the agreement annexed to the complaint was made and signed pursuant to an oral agreement theretofore made between the plaintiff and the Party, acting through a committee, that the plaintiff would loan $4,000 to the Party, which sum was to be repaid to the plaintiff out of campaign contributions to the Party and not otherwise.

The respondent contends that this defense is not available. As the action is founded on a written contract, all preceding oral agreements or stipulations are deemed to have been merged in the writing, and parol evidence is not admissible to vary or contradict its terms. It is, however, well settled that " the rule of evidence that makes a written contract conclusive proof of what the parties have agreed to, thus merging in it all prior parol negotiations, and which rejects parol proof to vary or contradict the writing, or its legal import, applies only in controversies between the parties to the instrument " (*Folinsbee* v. *Sawyer*, 157 N. Y. 196, 199), and, therefore, such objection would not apply upon the trial of this action. As we have stated hereinbefore, the written agreement did not purport to impose a liability on the individual members of the Party; other evidence must be given to show that liability. It would, therefore, be competent for the defendants to show an express agreement that the loan was to be repaid out of the campaign subscriptions, and that no liability was assumed by the individuals.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., SMITH, MERRELL and FINCH, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.