Predik Saabas, Plaintiff, v. McAllister Towing & Transportation Co., Inc., Defendant.

Supreme Court, New York County, January 3, 1928.

**Pleadings — answer — motion to strike out defenses under Rules of Civil Practice, rule 109, must be made within ten days after service of answer — motion denied.**

The plaintiff's motion, made under rule 109 of the Rules of Civil Practice, to strike out certain defenses in the answer on the ground that they are insufficient in law, must be denied, since it was not made within ten days after the service of the answer and no good cause is given for the delay in making the motion.

Motion by plaintiff under subdivision 6 of rule 109 of the Rules of Civil Practice to strike out defenses as insufficient in law.

*Benjamin Swartz*, for the plaintiff.

*Barry, Wainwright, Thacher & Symmers*, for the defendant.

Frankenthaler, J. A motion of this nature must be made within ten days after service of the answer. (Rules Civ. Prac. rule 109; *Hale* v. *Hirsch*, 205 App. Div. 308.) No good cause explaining the delay of many months was adduced by plaintiff; indeed, no explanation at all of the laches and of the rule violation appears in his papers. (See Civ. Prac. Act, § 98; *Fiorello* v. *N. Y. Protestant, etc., Socy.*, 217 App. Div. 510.) As stated by the unanimous Appellate Division in the *Hale Case* (*supra*): "The order could be reversed on procedural grounds. The motion was made pursuant to rule 109 of the Rules of Civil Practice which provides that such a motion shall be made within ten days after the service of the answer. The purpose of this requirement was to insure a speedy determination of the specified preliminary objections to the end that the trial of the merits of the action may not be unnecessarily delayed. This was not a motion that could have been made pursuant to rule 112, for it is not a motion for judgment. A strict adherence to the rules will facilitate the reform in practice sought to be adopted. If for any valid reason the motion cannot be made within the time limited an extension should be obtained before its expiration."

The authorities cited by plaintiff do not concern rule 109 or are not in point. Motion denied. Order signed.