EMPIRE CITY JOB PRINT, INC., Respondent, v. JAMES G. HARBORD and Others, Defendants, Impleaded with SAMUEL FALK and Others, Appellants.*

First Department, March 8, 1935.

*Ilo Orleans* of counsel [*Samuel Falk* with him on the brief; *Ilo Orleans*, attorney], for the appellant Samuel Falk.

*Charles Dickerman Williams* of counsel [*Morgan & Lockwood*, attorneys], for the appellant Joseph Clark Baldwin, III.

*John W. Davis* of counsel [*Edwin F. Blair* with him on the brief; *Edmund L. Durkin*, attorney], for the appellant Keyes Winter.

*Gustavus A. Rogers* of counsel [*Abraham Benedict, Jack L. Rappaport* and *Samuel J. Mandel* with him on the brief; *Jenks & Rogers*, attorneys], for the respondent.

TOWNLEY, J. Plaintiff brings this action to recover for goods sold and delivered. The underlying transaction involves two orders given by defendant Falk in October, 1929, on behalf of the Republican-Fusion committee, for banners to be put on automobiles

---

* Revg. 151 Misc. 688.

advocating the election of certain Fusion candidates. The defend-
ants Baldwin and Winter were active members of this committee.
At the trial without any exception or further requests by the
plaintiff, the case was left to the jury on the following issue: " The
mere fact that the plaintiff sold a bill of goods does not prove his
case here. You must find whether or not there was a committee
involved here, and if there was not a committee, the individuals,
and, if there was a committee, whether or not the individuals
going to make up that committee pledged their credit to the pay-
ment of these bills." The jury brought in a verdict for the plaintiff.
The court set it aside and dismissed the complaint on the ground
that there was no evidence of any agreement on the part of the
individual defendants to extend their personal credit, that the
existence of the committee was beyond dispute and that, therefore,
the verdict was contrary to law.

The Appellate Term ordered a new trial stating that numerous
issues other than the individual pledge of credit by the defendants
should have been left to the jury. No requests involving these
issues were made to the learned trial justice and there was no
evidence to support a verdict in favor of the plaintiff on any of
them.

Plaintiff's president, one Lee, conceded that he had solicited
orders from defendant Falk at Fusion headquarters. He testified
as follows: " I asked Mr. Falk if he was giving the orders for the
printing this year of the Republican-Fusion Committee. He said
he was. I said, ' How about getting some orders? ' He said,
' What are your prices? ' I submitted prices; and he told me he
would let me know." Lee, furthermore, acknowledged that he had
dealt with Falk in prior campaigns managed by Falk and that he
occasionally had to wait to be paid until contributions came in
after election. He conceded that Falk had never had any personal
dealings with him. The record discloses that bills were submitted
and claims were made to the Fusion committee, that the committee
acknowledged, ratified and adopted these orders which had been
given by Falk, and used the banners for campaign purposes. The
committee acknowledged the indebtedness and reported it after
the election as a liability. Lee never made any claims personally
against these men at the time that the transaction occurred. It
is manifest from his testimony that he extended credit to the com-
mittee as such. The most that can be said against these defendants
is that the budget for the campaign which they arranged was too
ambitious in view of the later failure to receive contributions.

Under the decided cases in this State, we think that there is no
evidence here to support a judgment against either the committee

or its agents personally. The Court of Appeals in *McCabe* v. *Goodfellow* (133 N. Y. 89) adopted the rule laid down in *Flemyng* v. *Hector* (2 M. & W. 172). In the latter case the plaintiff sued a member of a social club for the purchase price of wines sold on credit to the club. The defendant knew that the wine had been bought but did not know the terms of the sale nor did he ratify the purchase on credit. The club rules provided for a fund for the purchase of supplies but the plaintiff was not aware of the rules. The court held that the laws of agency applied and that, in view of the fund provided, the defendant, even though assenting to the purchase, did not extend his personal credit since he must have expected that the bill would be satisfied out of the fund. The liability charged against the defendants Baldwin and Winter is substantially similar to that charged in the case just discussed since they themselves personally did not order the goods. As to them, there can be no doubt that the dismissal of the complaint was correct under the decision of the Court of Appeals.

We think, moreover, that there is no distinction between such members of the committee as actually ordered the goods expecting to pay out of a fund that was to be contingently raised and members of the committee who sat idly by while others gave the orders. In *McCabe* v. *Goodfellow* (*supra*) the situation presented was one of a transitory organization representing what the Court of Appeals called a " spasmodic moral movement " which gave rise to an organization that was necessarily transitory in its nature. The court said (1) that the circumstances made it improbable that the people who joined it ever intended to authorize the transaction of business upon their individual credit, and (2) that since the resulting organization was not in any sense a partnership, the liability of the members must be proved by the person asserting it. None would be implied by the mere fact of the existence of the association. It was pointed out in the opinion that there is a plain distinction between associations formed for the purpose of pecuniary profit and those formed for other objects. The holding was that the plaintiff, who was one of the members of the organization, must have clearly understood that his compensation was to be raised by funds voluntarily contributed for that purpose and placed at the disposal of the committee and that the committee did not intend that there should be any debts contracted in excess of those funds. The record in the case at bar establishes beyond dispute that Lee contracted with as much knowledge of the situation as was possessed by the plaintiff in *McCabe* v. *Goodfellow* (*supra*). To the same effect, see *Hale* v. *Hirsch* (205 App. Div. 308) and *Siff* v. *Forbes* (135 id. 39).

The determination of the Appellate Term should be reversed and the judgments of the City Court of the city of New York should be affirmed, with costs to the appellants in this court and in the Appellate Term.

MARTIN, P. J., MERRELL, GLENNON and UNTERMYER, JJ., concur.

Determination reversed and judgments of the City Court affirmed, with costs to the appellants in this court and in the Appellate Term.