**SCANLON v. DUFFIELD et al.**
**No. 7730.**

Circuit Court of Appeals, Sixth Circuit.
May 4, 1939.

George E. Taylor and Milton McCreery, both of Toledo, Ohio (Flory & Taylor, of Toledo, Ohio, Walter S. Jackson, of Lima, Ohio, and George E. Taylor, of Toledo, Ohio, on the briefs), for appellant.

Dan R. Tripplehorn and J. J. Weadock, both of Lima, Ohio (Mackenzie, Weadock & Weadock, Dan R. Tripplehorn, and F. W. Durbin, all of Lima, Ohio, on the briefs), for appellees.

Before HICKS, SIMONS, and HAMILTON, Circuit Judges.

HAMILTON, Circuit Judge.

This is an appeal from a judgment of the District Court dismissing appellant's petition seeking to hold appellees individually liable for the debts of the Knights of Columbus, Lima Council No. 436, of Lima, Ohio, of which they were members. The action was dismissed in the lower court as to appellees, Wagner and Weadock, on grounds not urged as error here.

The facts are not in dispute and are substantially as follows:

The Knights of Columbus, a non-profit fraternal corporation operating under a lodge system, is organized under the laws of Connecticut for the purpose of rendering mutual aid and assistance to its members and their families, and under Section 3 of its charter is authorized to establish subordinate councils and to adopt by-laws, rules and regulations for their government in all of the States and in foreign countries.

The Connecticut corporation was admitted to do business in the State of Ohio in 1899. "Lima Council No. 436, Knights of Columbus," was organized as a subordinate council in 1900 and disbanded in 1927.

On August 17, 1920, while appellees were members, the Lima Council acquired a piece of real estate in the city of Lima, Allen County, Ohio, for use as a home and for its fraternal activities, the grantee in the deed

being "Lima Council No. 436, Knights of Columbus, a corporation." On that date at a meeting of the Council for the purpose of paying for said real estate and improvements thereon, it arranged to borrow $150,000 on debentures, dated September 15, 1920, in varying principal amounts, maturing in ten years, bearing seven percent interest, payable semi-annually, the payor being "Lima Council No. 436, Knights of Columbus, a corporation incorporated under the laws of the State of Connecticut," the signature thereto being "Lima Council No. 436, Knights of Columbus, by E. G. Christen, Grand Knight. Attest, J. A. Fitzgerald, Financial Secretary."

All the appellees purchased these debentures and on behalf of the Council solicited their sale. Appellees Duffield, Christen and Fitzgerald attended the meeting and voted for the incurrence of the indebtedness and sale of the debentures. Christen signed them as Grand Knight and Fitzgerald as Financial Secretary.

On September 30, 1920, Thomas M. Scanlon purchased from the appellee, E. G. Christen, acting for the Council, $14,550 par value of the debentures and on June 20, 1928, notified each of the appellees that he elected to rescind his purchase and tendered to them the debentures which were refused and thereafter on July 11, 1928, filed suit in the Court of Common Pleas of Allen County, Ohio, against the appellees seeking a rescission of purchase and recovery of the sums paid, together with interest, which action was dismissed without prejudice on February 17, 1936, and the present one instituted April 11, 1932.

Scanlon died January 29, 1937, and the action was revived in appellant's name. All interest coupons on the debentures were paid by the Lima Council to March 15, 1924, with no further payments.

The Lima Council acted pursuant to the by-laws of the Supreme Council and was recognized by it as a subordinate. On the foregoing facts, the lower court found that the Lima Council No. 436 was a corporation pursuant to Section 10061-1 of the Ohio General Code and that its individual members were exempt from personal liability and dismissed appellant's petition.

The statute relied on by the lower court is found in Title 9 of the Ohio Statutes dealing with corporations. Divisions 1 to 5 relate to corporations organized for profit; division 6, of which the statute here involved is a part, to non-profit ones. The particular section was first enacted May 10, 1910 (101 Ohio Laws 207). Just prior to the enactment thereof, a Codifying Commission had completed a codification of the Ohio statutory laws, and pursuant to the authority conferred on the Attorney General of Ohio to place subsequent Acts of the Legislature in the proper code classification, the Act here in question was placed in the division relating to non-profit corporations.

The statute was amended in 1923 (110 Ohio Laws 88) wherein the Legislature referred exclusively to the section number theretofore adopted by the Attorney General. The statute before amendment provided in substance that any unincorporated lodge or other subordinate body of any society or lodge chartered by a supreme body was authorized to acquire real estate for its own use, by lease, purchase, grant, devise or gift in and by the name and number of said lodge or subordinate body and to make, in the name of the lodge, conveyances or leases of any real estate belonging to it and to loan its funds and secure the same by mortgage in and by the name and number of the local lodge or subordinate body under its rules and regulations, not in conflict with those provided by the grand lodge. The lodge was required to have a seal and keep records.

Section 11260 of the Ohio General Code provides partnerships formed for the purpose of carrying on a trade or business or holding property in the State of Ohio may sue or be sued in their trade or association names and in such cases it shall not be necessary to allege or prove the names of individual members.

Section 8125 of the Code provides that when an instrument contains, or a person adds to his signature, words indicating that he signs for or on behalf of a principal or in a representative capacity, he is not liable on the instrument if he was duly authorized to act in such capacity.

■■ Two concepts of implied liability at common law of the members of a voluntary association are thoroughly established by the great weight of authority, first that the members of such an association organized for profit are jointly and severally liable for its debts on the principle of partnership; second, that members of such an association not organized for profit are jointly and severally liable as principals on contracts purporting to have been made by, for or in the name of the association where they

have given their assent or subsequent ratification. These concepts of liability were grounded in the common law of Ohio before the enactment of the statutes heretofore mentioned. Devoss v. Gray, 22 Ohio St. 159.

If, under the statutory laws of Ohio, Lima Council No. 436, Knights of Columbus, had a legal existence, separate and apart from its members, neither of the above concepts of liability is applicable to this case. It exercised many of the powers and privileges of a private corporation not belonging to individuals, its purposes being benevolent, religious, charitable, and social. It had the power to elect officers to manage its affairs and to acquire, sell and lease its property and hold title thereto regardless of change in membership; was authorized to sue and be sued, and was required to keep a record of its proceedings and have a seal. As an incident to its other powers, it had the right to borrow money to purchase and improve its real estate. Pain v. Kiel et al., 8 Cir., 288 F. 527; American National Bank v. Wheeler-Adams Auto Company, 31 S. D. 524, 141 N.W. 396; Larwell v. Hanover Savings Fund Society, 40 Ohio St. 274; Hays v. Galion Gas Light & Coal Company, 29 Ohio St. 330. The appellees contracted for the association and fully disclosed their principal.

Appellant's testate purchased the debentures from Lima Council with full knowledge that it was holding itself out as a separate entity from its members and dealt with it knowing the source of its revenues and the assets it possessed with which to pay its debts. The true test of liability is to whom did appellant's testate knowingly extend credit. The law in such a case places the burden of payment on the person to whom credit is knowingly and exclusively given. There is nothing in the proof as we understand it which would have given those purchasing debentures reasonable grounds to expect the members of the Council to assume personal liability.

We are of the opinion that under the facts peculiar to this case, the Lima Council was a legal entity separate from its members and appellees are not liable on its debenture bonds. United Mine Workers of America v. Coronado Coal Company, 259 U. S. 344, 389, 42 S.Ct. 570, 66 L.Ed. 975, 27 A.L.R. 762; Seasongood & Mayer v. Riddle et al., 18 Ohio App. 88; Aungst v. Creque, 72 Ohio St. 551, 74 N.E. 1073.

The case of Koogler v. Koogler, 127 Ohio St. 57, 186 N.E. 725, is not contrary to the conclusion reached here as its facts are distinguishable. In that case Koogler, a member of Mud River Lodge 243, I. O. O. F., sued the lodge for personal injuries suffered while employed in repair work on a building owned by it, his injuries being due to the unsafe condition of the premises. The court held that the I. O. O. F. was a volunteer association, its members engaged in a joint enterprise and that it was not liable for Koogler's injury because he was a member and co-tenant.

The judgment of the District Court is affirmed.