**FIFTY WEST BROAD STREET, Plaintiff-Appellant v. POULSON, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 3655.   Decided September 26, 1944.

Hugh M. Bennett, Columbus, for plaintiff-appellant.

Druggan & Gingher, Columbus, and J. Paul McNamara, Columbus, for defendant-appellee.

MONTGOMERY, J., of the Fifth District, sitting by designation in place of BARNES, P. J.

## OPINION

By GEIGER, J.

The court has already rendered three opinions in this case; on the 30th day of October, 1943, 31st day of December, 1943, and 21st day of April, 1944.   These opinions were all addressed to the procedure from the trial court to this court. By virtue of amendments permitted to the notice of appeal and proper diminution of the record the case is now before this court for final determination on the merits.

In the amended petition filed in the court below, it is stated that the plaintiff is a corporation; that Francis Poulson was at the time mentioned a member of the Democratic state

executive committee, a nonincorporated voluntary organization; that prior to the 12th of November, 1936, Ralph H. Beaton was receiver of the property of the premises of the American Insurance Union; that on the 12th of November, 1936, the defendant, purporting to act on behalf of the Democratic state executive committee and as chairman of said committee, rented from Beaton, receiver, certain space in the A. I. U. Building for a period of 25 months for an annual rental of $4800.00, payable in monthly instalments of $400.00.

That the defendant entered into the possession of the premises and remained in possession during the full term and that the rent under said lease for the last five months of the term in the amount of $2000.00 is due and unpaid; that Beaton as receiver of the A. I. U. property did on the 21st day of December, 1938, sell and assign the same, including the lease of the defendant, to the plaintiff. It is asserted that the defendant was not authorized by the Democratic state executive committee to execute said lease, although this fact was not disclosed to Beaton, receiver; that by the breach of the covenant there is due and owing to the plaintiff from the defendant as rent under said lease the sum of $2000.00, and that for the purpose of conferring jurisdiction of the controversy to the Municipal Court the plaintiff remits the excess of the claim over $1500.00.

For answer the defendant admits certain matters, including the fact that he executed the lease on behalf of the state executive committee for the premises; that the committee entered into possession, but denies that there is due the sum of $2000.00, or any other sum.

A second defense is asserted which was later withdrawn.

A reply was filed by the plaintiff.

The matter came on for hearing in the Municipal Court of Columbus and was submitted to the court without the intervention of a jury. The court found in favor of the defendant and dismissed the plaintiff's petition.

The plaintiff filed an assignment of errors embracing eight paragraphs, which may be epitomized to the effect that the Municipal Court erred in rendering judgment on behalf of the defendant, and that it should have found that the defendant was liable for the unpaid rents under the issues. A bill of exceptions is filed in which is exhibited the lease in question which is on the form of the A. I. U. Building, to the Democratic state executive committee, of certain space in the building. The said lease is signed by Ralph H. Beaton, receiver of the

A. I. U. property and premises as lessor, and the Democratic state executive committee, by Francis Poulson, Chairman, as lessee.

The Democratic executive committee occupied said premises for a period of 20 months, paying therefor the monthly instalment of rent by checks to Ralph H. Beaton, receiver of the A. I. U. Bldg., said checks being signed by the printed signature "Democratic State Executive Committee, Theda Jacobs, Asst. Secretary". All vouchers for such monthly rent were in the name of the Democratic State Executive Commitee.

It nowhere appears that Francis Poulson individually ever entered into a contract with the predecessors of the plaintiff by which he agreed either to rent the property or to pay any of the several instalments of rent. The committee moved from the premises to another location at the end of the 20th month, leaving five months of said lease for which rents were not paid. It is asserted by the plaintiff that Francis Poulson had no authority to enter into a lease on behalf of the Democratic executive committee, and that he as agent of said committee is personally liable for his unauthorized contract in the name of the principal; that there is no statute authorizing the appointment of a chairman of the executive committee under which the defendant may avoid personal liability for the debt; that the executive committee, as a committee distinct from its individual members was not obligated on the lease.

Section 4785-65 GC, provides for the control of party committees and is generally to the effect that the controlling committee of each political party shall be a state central committee consisting of enumerated members to be elected by the direct vote at the primaries held in even numbered years; that each party controlling committee shall elect an executive committee which shall have such powers as may be granted to it by the party controlling committee and as may be provided by law.

Section 4785-64 provides for the organization of committees and is to the effect that the members-elect of such central committee shall meet within a certain time following the primary election, and that a temporary chairman and secretary shall be chosen and the committee shall proceed to organize by the election of a chairman and other officers.

The report of the proceedings of the state central committee discloses the fact that the members of the central committee met at the proper time and place for organization. One of the first actions of the central committee was to unanimous-

ly elect Mr. Poulson as chairman of the state executive committee. A resolution·was adopted to the effect that all the powers vested by law in the state central committee of the Democratic party be delegated to an executive committee; that the executive committee have and possess all the powers vested by law in the state central committee and be empowered to conduct the business of the state Democratic Party during such time as the state central committee is not in session; that when the state executive. committee is not in session all the powers delegated to the state executive committee are to.be exercised by the chairman. Thereupon Mr. Poulson announced certain appointments of officials to act in behalf of the committee and upon roll call a full executive committee as provided by statute was selected by the central committee.

Thereupon the activities of the political organization were reposed largely in the control of Mr. Poulson as chairman of the state executive committee, neither the central committee nor the executive committee being active in the functioning of the organization.

It is urged that Poulson by virtue of the fact that he was chairman of the executive committee and signed the lease in the name of that organization is now personally liable for the unpaid rent by virtue of the fact that the executive committee was not empowered to enter into the contract and that he as agent of the executive committee was personally liable for his unauthorized contract in the name of his principal.

As before stated it nowhere appears that there was any attempt to personally bind Mr. Poulson, the lease being made to the executive committee, Mr. Beaton stating that inasmuch as the Democrats were in power it was assumed that they would have money to discharge their obligations and that the lease was made directly with the executive committee by Mr. Poulson its chairman.

Without attempting to discuss the legal principles advanced by the plaintiff in this case through which it asserts that Poulson is personally liable for the unpaid rents, we arrive at the conclusion that the plaintiff has failed to show any obligation upon the part of Poulson to pay this defaulted rent. Certain cases are cited which counsel claim are pertinent to the issues here before the court. They are not Ohio cases and in themselves are not clear as to the holding of the courts, and we do not regard them as of authority supporting the claim of plaintiff. The cases cited are Lightbourne v Walsh, 89 N. Y. S.,

856; McCaber v Goodfellow, 133 N. Y., 89, 30 N. E., 728; Empire City Job Printing, Inc., v Republican Fusion Campaign Committee, 265 N. Y. S., 450. Were the position asserted by counsel for plaintiff to become established to the effect that the chairman and other members·of a voluntary political organization should become personally responsible for all the debts and obligations that might be incurred by such organization, it would be practically impossible to get any responsible individual to assume these important political positions. Such a conclusion would be so out of harmony with what is generally understood to be the obligation of a chairman of a committee that we must refuse to establish such an obligation without more convincing authority than has been suggested by counsel for plaintiff.

All the assignments of error asserted by plaintiff are overruled. Judgment affirmed.

HORNBECK and MONTGOMERY, JJ., concur.

**BATES et, Exrs., Appellees v. BATES, Appellee; BRANN, Appellant; HARCUM et, Appellees.**

Ohio Appeals, First District, Clinton County.

No. 135. Decided November 10, 1943.

