**FIFTY WEST BROAD, Inc., Plaintiff-Appellant, v. POULSON, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 3655. Decided November 4, 1944.

J. Paul McNamara, Columbus, for defendant-appellant.
Hugh M. Bennett, Columbus, for plaintiff-appellee.

MONTGOMERY, J., of the Fifth Appellate District sitting by designation in place of Barnes, P. J.

## OPINION

BY THE COURT:

This matter is before this Court on application for rehearing, it being insisted that the Court in its former opinion in this case, dated September 26, 1944, **(41 Abs 481)** was in error in sustaining the trial court.

This is the fourth time this case has been before this Court.

Counsel quotes a gratuitous comment of this Court, to the effect that if the position asserted by counsel for plaintiff becomes established to the effect that the chairman and other members of a voluntary political organization should become responsible for debts when they are incurred by such organization, it would practically be impossible to get many persons to assume those important political positions. Counsel asserts that this view of the Court tends to encourage financial profligacy by political parties in Ohio, and that it says in effect that contracts can be made without any financial liability, and counsel comments to the effect that great sums can be spent in more expensive political campaigns than Ohio has ever witnessed, without any heed having to be given to the payment of the cost of such extravagance, and that the Court's view is a sure way to impair further the foundation upon which our democracy rests, and that lavish political programs can be planned and executed without any thought of the high costs because no one need pay for them, and that the decision of the Court encourages reckless spending by all political parties in Ohio.

We are unable to follow the argument of counsel in this matter.

If the Court has properly held that no member of a voluntary committee should be held for the obligations of the committee where the contract is made with the committee and not with the individuals, such a ruling would, instead of permitting profligacy, tend to make those who furnish services to the committee more cautious in extending credit than such persons otherwise would be if they

could upon the failure of the assets of the committee pursue its individual members.

Persons furnishing services to a committee do not furnish such services unless they were reasonably assured of the ability of the committee to pay.

The testimony in this case is to the effect that the contract in writing was made in reliance upon the committee's ability to pay, and that there was no purpose of holding members of the committee personally liable.

Mr. Beaton, by whom the lease was originally made, states that fact and says in substance that the fact that the committee represented the party in power would indicate that it would have money sufficient to pay its obligations.

Instead of promoting reckless political extravagances the Court is of the opinion that the knowledge that no one but the political organization would be responsible for the payment of the debts incurred by the chairman of the committee would restrain those dealing with the committee from entering into excessive contracts.

Counsel asserts that the Court was badly confused because it stated that three cases involving New York decisions were cited by the plaintiff, whereas, as a matter of fact, they were cited by the defendant.

We do not regard it as a matter of consequence to whom the citations of these cases were attributed, if the cases themselves did not support the contention of the plaintiff-appellee.

Counsel states in speaking of these cases, "No one of them supports the claim of the plaintiff, as the court states".

This Court certainly had the right to consider the effect of those decisions even though it attributes their citations to the wrong party.

It is asserted by plaintiff-appellant that it relies upon Ohio cases and that no mention of these Ohio cases is made in the decision.

The Court did not cite these cases because on first reading it was of the opinion that they announced no authoritative principles controlling the case at bar.

We have again read these cases and are still of the opinion that there is no principle announced which would support the original claim of the plaintiff-appellant.

In **Devoss v Gray, 22 Oh St 159**, it is held:

"In order to hold a member of such society responsible for its debts it must be shown that such member in some way sanctioned or acquiesced in their creation."

It is true that the political representatives of the political party designated Poulson as the ultimate authority in the management of the business of the committee. However, this authority so granted did not attempt to hold Poulson for the debts to be incurred, but merely constituted him its agent in the transaction of the business.

Counsel cites the case of Scanlon v Duffield, 103 Fed. (2nd), 572. We are of the opinion that this case might well have been cited by counsel for the defendant.

The Court states on page 574:

"* * * * the true test of liability is to whom did the appellant's testate knowingly extend credit. The law in such a case places the burden of payment on the person to whom credit is knowingly and exclusively given."

The case last cited gives consideration to §8125 GC. That section provides in substance that when the instrument contains, or a person adds to his signature, words indicating that he signs for or on behalf of a principal or in a representative capacity, he is not liable on the instrument if he was duly authorized.

The case of **Cannon, Jr. v Miller Rubber Products Company, 128 Oh St 72,** related to the personal obligation of one signing a promissory note. It holds that,

"A petition in an action against the officers signing such note, seeking to hold them personally liable thereon fails to state a cause of action and is subject to demurrer, in the absence of allegations fixing personal liability."

It may be urged that both §8125 GC and the case last cited related to promissory notes, and therefore are not applicable to the liability of Poulson on a lease which is not a promissory note.

We are of the opinion that the section referred to relates to any obligation and is not confined to a promissory note.

This we think will be demonstrated if counsel will read the cases cited under the section referred to.

The further objection is made that oral argument was made before Judges Hornbeck, Geiger and Barnes, and that the case was decided by Judges Hornbeck, Geiger annd Montgomery. Judge Montgomery never heard the oral argument in this case. Plaintiff-appellant asserts that it is entitled to argue the case orally before the Court which decides it.

"This is a right granted to appellant by a rule of the court".

The only section of the rules that we find that is possibly applicable to oral argument is Rule V, which relates generally to the presentation of the case and the limitation of time. Supreme Court Rule II, Section 8; Rule III.

Counsel was advised by common rumor that Judge Barnes would not be able to sit in the determination of this case, and was also advised that Judge Montgomery would sit by designation in his stead. Counsel were then in possession of the facts that would permit them to make the objections that they had orally argued the case before Judge Barnes and that they desired to present an oral argument to Judge Montgomery.

We feel that counsel were not justified in neglecting a request for oral argument before Judge Montgomery, and if the decision was rendered to object to it because they claimed a right to present the case orally to Judge Montgomery. If they lost any advantage on this account it was through their own oversight, being then in possession of all facts.

We know of no rule either of our Court or of the Supreme Court by which every judge participating in the decision must be present to hear the presentation of oral arguments. It often happens that a judge for one reason or another does not hear the oral argument, but participates in the decision. We see no cause for complaint upon the part of the defendant for this reason.

Counsel concludes with the following observation:

"It is respectfully suggested that if the trial court is to be affirmed, some sound legal principle be chosen as the basis for such affirmance rather than the dangerous ground upon which this decision now rests."

We, of course, deny the allegations, but if the Court has been in error in promulgating a dangerous ground, the road is open to the final consideration by the Supreme Court.

Fifty West Broad, Inc., should have taken prompt action when it realized that its tenant was moving away, to secure the payment of the balance of the rent out of whatever assets the committee might then have had, and it was common rumor that the committee at that time had an abundance of assets.

Application for re-hearing denied.

HORNBECK, GEIGER and MONTGOMERY, JJ., concur.