**ZOOK, Plaintiff-Appellee, v. DEMPSEY, et al., Defendants-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 3761.   Decided November 18, 1944.

August W. Weber, Columbus, for defendants-appellants. Benson Ogier, Columbus, for plaintiff-appellee.

MONTGOMERY, J., of the Fifth Appellate District sitting by designation in place of Barnes, P. J.

## OPINION

By GEIGER, J.

This matter is before the Court on an appeal on questions of law from a judgment of the Municipal Court of the City of Columbus finding in favor of the appellee.

The matter on trial before the Municipal Court was presented on a petition in replevin and a cross-petition thereto. On April 10, 1944, the Municipal Court made a memorandum to the following effect: "Case called; jury impaneled and sworn; witnesses sworn and testified; trial had and concluded; jury returned verdict finding right of property or possession of chattels described in petition to be in plaintiff at the time of the commencement of the action and assessed plaintiff damages; * * *."

A motion was made to set aside the verdict for the reasons stated and for judgment non obstante.

On April 24, 1944, the Municipal Court made the following notation on its docket: "Motion of defendant for judgment non obstante; motion for new trial overruled; final judgment entered as per verdict of Jury April 10, 1944; draw entry accordingly." The further notation is made under date of July 17, 1944: "Entry. The entry filed on July 17, 1944, is in the usual form overruling the motions for judgment non obstante and for new trial, and the Court finds motions not well taken and overrules the same, and coming now to render final judgment as per the verdict of the jury it is ordered that the right of possession, etc., is found to be in the plaintiff, and it is ordered that a writ of replevin issue", etc. The same entry was made in the case of the cross-petition of Harriett Dempsey on the 19th of July, 1944. Notice of appeal was filed stating the circumstances that the plaintiff-appellee will take notice of the intention of the defendants-appellants to appeal from the judgment of the Municipal Court rendered July 17, 1944, said appeal being on questions of law.

On September 10, 1944, plaintiff-appellee filed a motion in this Court for an order dismissing the appeal filed by the defendants-appellants for the following reason: That the appeal of the defendants-appellants was not perfected. There is a short memorandum attached to said motion, which, after reciting the facts, states as a ground for dismissal: "This entry was not filed until on or before the 19th day of July." However the final judgment was rendered on the 26th day of April, 1944, on the half sheet of the Municipal Court and was the final judgment rendered herein.

No further argument is presented in support of said motion. There is the usual assignment of error.

**Sec. 12223-7 GC** provides for the time for perfecting an appeal. The question here presented is whether the entry on April 27, 1944, was a final entry or whether that of July 17, 1944, was the final entry of the Court below, from which notice of appeal was given.

On June 17, 1942, this Court had occasion, in the case of **Mesloh v Home Furnace Company, 36 Abs, 531,** 44 N. E. (2nd), 379, to state the circumstances incident to the trial in the Municipal Court, and stated: "Examining the record of the Municipal Court, we are unable to find any judgment entry. We do find this notation"; reciting same. The notation is quite similar to the memorandum made by the trial court in this case.

The Court said in the case cited:

"This brief notation does not rise to the dignity of the judgment of a court, and we are tempted to send the case back on the ground that there was never any final entry in the Municipal Court, and that, therefore, the Court of Common Pleas had no jurisdiction".

However, there is in the case at bar a correct final judgment entry under date of July 17, 1944. We are of the opinion that that entry was a final entry from which appeal might be taken, and the notice of appeal being given two days after the final entry of July 17th, and that appeal being perfected, we are of the opinion that the appeal was filed within proper time.

This Court in the case of **Fifty West Broad v Poulson, 41 Abs, 212,** (also **41 Abs 481**) had occasion to review at length the statutes controlling appeals, in which opinion are cited many pertinent cases.

Motion to dismiss appeal overruled.

This matter is submitted at this time solely upon the motion to dismiss and not on the merits, which branch of the case will be considered later by the Court, after the same has been argued and briefed by both counsel.

HORNBECK, J., and MONTGOMERY, J., concur.