RICHMOND ADVERTISING/REINHOLD ASSOCIATES, INC., Respondent, v MICHAEL DEL GIUDICE, Sued Herein as DEL GUIDICE, et al., Appellants et al., Defendants.—Order, Supreme Court, New York County, entered March 9, 1978, to the extent appealed from, denying defendants-appellants' cross motion for summary judgment dismissing the complaint, unanimously reversed, on the law, with $75 costs and disbursements of this appeal to appellants, said cross motion granted, and the complaint dismissed and the action severed as against appellants. This is an action to recover the balance of moneys due for advertising services rendered on behalf of the mayoral campaign of Albert Blumenthal. The appellants were associated in varying capacities with committees formed in connection with that campaign. The appeal is from a denial of their motion for summary judgment, Special Term having concluded that factual issues were presented. As developed in the sole affidavit submitted on plaintiff's behalf, plaintiff was employed to place television and radio advertising for the campaign by a man named Wunderlicht, described as the assistant campaign co-ordinator, who allegedly was acting on behalf of the candidate and his committee. The affidavit further states in general terms that the defendants "agreed to pay the plaintiff in advance for each broadcast." From the context, it appears that this statement is based upon something said by Wunderlicht. It is further developed that to the extent plaintiff was paid for the services rendered, the payments were by way of checks drawn upon bank accounts maintained by one or another of the campaign committees. In their affidavits, the appellants describe their varying relationships to the campaign. Kotler stated that she was not an officer of any of the committees, but was listed in a bank resolution as "Assistant Treasurer" to act as an "Authorized Signature," and denied that she had any relationship whatever to the advertising. Zimmerman acknowledged that he was treasurer of the various committees but was in no way involved with plaintiff regarding any aspect of the advertising service. Del Giudice was the campaign manager of the campaign. What is decisive here is that each of the appellants explicitly denied any agreement to pay any campaign obligations individually or to assume any personal liability whatever with regard to them, and these statements were in no way contradicted by the plaintiff. The controlling principles were set forth in McCabe v Goodfellow (133 NY 89). In that case, a lawyer sued for the value of legal services rendered the treasurer of a "Law and Order League" which had been formed to assist town and village officers in enforcing the excise and corporate laws. Preliminarily, the court noted that the action could not be maintained against the officer unless the debt sought to be recovered was one upon which he could maintain an action against all of the members of the association by reason of their liability, either jointly or severally. A distinction was then noted between associations formed for the purpose of pecuniary profit and those formed for other objects. Noting the transitory character of the organization, the court went on to conclude that the members of the association "had no reason to suppose that the committee so employed the plaintiff upon their individual

credit. On the contrary it fairly appears that they expected that his compensation, as well as the other expenses incurred by the officers and committees, were to be met by the funds voluntarily contributed for that purpose and placed at the disposal of the committees" (pp 96, 97). These principles were applied to an action against a member of a campaign committee for goods sold and delivered under circumstances indistinguishable from those presented here. (See *Empire City Job Print. v Harbord,* 244 App Div 6.) It seems quite clear that those who became associated with the Blumenthal mayoral campaign did not thereby intend or implicitly agree to become personally liable for whatever obligations were incurred during the course of the campaign, and that plaintiff could not reasonably have so understood. Since it is undisputed in this record that the appellants never agreed to become personally liable for any of the obligations in question, no factual issue is presented, and summary judgment dismissing the complaint against them should be granted. Concur—Fein, J. P., Lane, Lynch and Sandler, JJ.