OPINION OF THE COURT
Louis B. York, J.
Pierre Rinfret, who waged a colorful, but unsuccessful campaign for Governor several years ago, is now sued by one of the creditors of that campaign. He is sued both in his individual capacity and as doing business as Citizens for Pierre Rinfret. Because Mr. Rinfret has not been shown to have ever agreed to assume the debts of his campaign committee, his motion for summary judgment dismissing this action is granted.
The exhibits attached to Rinfret’s motion to dismiss reveal 13 invoices from the instant plaintiff addressed to "Citizens for Rinfret.” A letter of demand for payment from attorneys representing Xerox is addressed to "Citizens for Rinfret.” *311 Pierre Rinfret in his uncontradicted affidavit states that the only entity that he knows of is Citizens for Pierre Rinfret, which is a separate and distinct unincorporated association. Thus, the record reveals no entity called Pierre Rinfret doing business as Citizens for Pierre Rinfret.
The defendant’s only material allegation is that he searched the records of the County Clerk’s office and found nothing to verify Citizens for Pierre Rinfret’s existence, contending, therefore, that Citizens for Pierre Rinfret is nothing more than a trade name. This argument fails to establish that there is such a filing requirement for an unincorporated association. The only filing requirement, in addition to the filing with the Board of Elections, is found in article 3 of the General Associations Law; however, it refers only to associations doing business. This is a voluntary nonprofit association.
The precise issue is whether a candidate may be held liable for the debts of his/her campaign committee. Diligent research makes it apparent that this is a case of first impression. However, there is a long line of decisions that hold that the members and officers of a campaign committee are not liable for the debts of the committee. (Hale v Hirsch, 205 App Div 308 [1st Dept 1923]; Empire City Job Print v Harbord, 244 App Div 6 [1st Dept 1935].) As long as the members don’t intend to be personally liable for the debts of the committee, summary judgment will be in their favor. (Richmond Adv./Reinhold Assocs. v Del Giudice, 66 AD2d 701 [1st Dept 1978].) Nothing in the record reveals that it was Rinfret’s intention to be personally liable for the committee’s debts, and his involvement in the activities of his campaign committee is even more remote than that of its members and officers. Summary judgment is granted and the clerk will enter judgment dismissing this action.