JOHN Y. McKANE, Appellant, v. JOHN P. ADAMS, as President of the Democratic General Committee of Kings County, Respondent.

An action is not maintainable to compel a voluntary political association of individuals, organized without a charter, but regulated as to its action by a constitution and by-laws, to admit plaintiff to membership and office. Membership in such an association is a privilege which may be accorded or withheld, and not a right which can be gained independently and then enforced.

The distinction pointed out between such a case and one when a person who has been admitted to membership in a voluntary association, and so, has acquired a right to whatever practical rights and advantages may pertain to membership, but who has been expelled, and so, deprived thereof.

A political party organization was formed in the county of Kings, having a general county committee for its representative and controlling body, and having a charter and by-laws for its own government and that of the various town and ward associations. Plaintiff was formerly a member of a town association and a delegate from the town upon the general committee; said town association was, upon charges preferred, disbanded by the general committee and a reorganization of the town association and a primary election in the town ordered. Plaintiff was elected a delegate to the general committee, but that body refused to recognize him as such. *Held*, that an action was not maintainable to compel such recognition.

(Submitted October 24, 1890; decided December 2, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 11, 1889, which affirmed a judgment in favor of defendant entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*A. H. Dailey* for appellant. The learned trial judge fell into error when he declares that plaintiff has no rights which can be enforced against the defendant general committee. (*White* v. *Brownell*, 3 Abb. Pr. 327; *Wachtell* v. *N. W. & O. Society* 80 N. Y. 28; *Lafond* v. *Deenes*, 81 id. 507; *Hutchinson* v. *Lawrence*, 67 How. Pr. 38; *Brownell* v. *White*, 51 id. 92; *Thorburn* v. *Barnes*, L. R. [2 C. P.] 401; *Cape* v. *Child*, 2 C. & J. 558; *King* v. *Benn & Church*, 6 T. R. 198; *Wood* v. *Wood*, L. R. [9 Ex. Div.] 194.) Chapter 258 of the Laws of 1848 and chapter 455 of the Laws of 1851, give the court jurisdiction in the case of a political association. (*Fritz* v. *Muck*, 62 How. Pr. 69; *Loubat* v. *Leroy*, 40 Hun, 546.)

*James Troy* for respondent. The general committee had the right to reject the returns of the so-called primary, and refuse to receive the delegation, either elected or claiming to be elected thereat, and the committee is not bound to give a reason for such rejection or refusal. (*White* v. *Brownell*, 4 Abb. Pr. [N. S.] 162, 193.)

GRAY, J. By this action, the appellant has sought the aid of the courts to compel a voluntary political association of individuals, organized without a charter, but regulated as to their action by a constitution and by-laws, to admit him to membership and to office with them. The action is against the Democratic General Committee of Kings County, which is the representative and controlling body, or agency, of the Kings County Democratic organization. The plaintiff's complaint is a very voluminous document; containing, as it does,

the provisions of the constitutions and by-laws adopted by the Democratic organization for its own government and for that of the various town and ward associations in Kings county, and also a statute of the state passed for the protection of primary elections, etc.; most of which contents and references seem quite unnecessary matter to exhibit a cause of action, and useless on any theory, except, possibly, to make up in bulk for the absence of legal grounds for such an action.

It appears that the plaintiff was formerly a member of the Democratic association of the town of Gravesend and a delegate upon the general committee from that town. In December, 1887, the Democratic association of the town of Gravesend, upon charges preferred against it by the Democratic Campaign Committee, was impeached, tried and disbanded by the general committee. A reorganization of the town association was undertaken and a primary election thereupon ordered by the general committee of the county organization, at which the plaintiff was elected a delegate to the general committee. What he complains of is that, being so elected, he was entitled to be admitted as a member of that committee, but that, by a majority vote, it refused to accept the returns of the primary election, referred back the vacancy created and refused to recognize him as a delegate. By that action on its part, he says, he was deprived of his rights and privileges as a member, and of the benefits and advantages to flow therefrom. He wants a judgment that he was elected a member of the general committee; an injunction enjoining its members from holding him out from his office as a member, and a judgment for possession of the office and the enjoyment of its rights.

It is difficult to see upon what theory the plaintiff rests his right to any relief of a legal or equitable nature. It is quite unlike the cases in the books, where an individual, having been admitted to membership of a social club or other voluntary association, for purposes of pleasure or profit, and thereby becoming entitled to a right to participate in whatever practical rights or advantages may pertain to membership, seeks

redress for some violation of his personal rights. Here, by the disbandment of his town association, plaintiff had ceased to be a member of the general committee. He admits and avers the fact, and makes no complaint of the proceedings. His status, therefore, is that, though his town association elected him as a delegate to the general committee of the county organization, the members of that body have refused to admit him to association with them in their office. And if they would and will not associate with him, upon what reasoning or principle should they be compelled to, and the aid of a court of justice invoked? The right to be a member is not conferred by any statute; nor is it derivable, as in the case of an incorporate body. It is by reason of the action and of the assent of members of the voluntary association that one becomes associated with them in the common undertaking, and not by any outside agency, or by the individual's action. Membership is a privilege, which may be accorded or withheld, and not a right, which can be gained independently and then enforced. So when, as by the plaintiff's own showing, the committee refused to admit him as a member, or to confirm his election, he was remediless against that refusal. No rights of property or of person were affected, and no rights of citizenship were infringed upon. His allegation of the possession by the committee of a fund, proceeding from dues and contributions, is but a mere pretense to bolster up his case; but a sufficient answer is that he never became a member of the committee, and, hence, has never acquired any rights as such, and has no interest in any fund, either individually, or in any fiduciary capacity.

We cannot compare this case to that of other voluntary associations, nor to a copartnership, to which an unincorporated association is sometimes likened, when considering the rights of the associates in the property of the association and the methods for their enforcement. The Kings County Democratic organization was a voluntary association of persons, who were, presumably, interested, from the very fact of such an organization, in the furtherance of the interests and principles

of the Democratic party in that county. Its objects do not involve any combination or acquisition of property, and membership of it, or of its general committee, can have no conceivable pecuniary value. The only tie which binds its members is a common faith in the cause, and the only obligation upon them is to act in harmony, that by unity of action success may attend upon their efforts.

We have in such an association what we must assume to be the voluntary organization of citizens, moved only by patriotic considerations in an endeavor to strengthen their party and to promote its interests by organized and systematic work. Our private convictions may, possibly, and at times, be at war with the assumption ; but I think we must all concede that organization of human effort, for the realization of ideas of political government, is as necessary as it is often commendable.

How can it be said that in such work anything like a contract relation subsists, or that there can be any obligation confining the free exercise of the personal rights of citizens ? Shall they not be free to reject as an associate, or as an officer of their association, one whose character, aims, or record may, in their judgment, fall below the standard of loyalty, or of integrity, demanded by the work in which they are engaged; or who, for any cause satisfactory to their minds, is unfit for the position of leadership he demands to occupy ? Surely such propositions would seem to contain their own refutation. The existence of constitutions and by-laws does not alter the question. Obedience to their requirements may well be demanded as a condition of association ; but it would be in conflict with the principles of our government and with the spirit and intent of our laws, if by any contractual obligation, express or implied, the individual action of the citizen could be fettered in his choice of political associates or leaders, or in the freest exercise of the political rights conferred upon him by the fundamental law. A constitution and by-laws, in such a case, are mere rules for the regulation of the conduct of members in their association and conducive to the orderly administration of the business which unites them. They can be given no other

binding force. Each individual member is free to act according to the dictates of his conscience and judgment, whether the consequence be dissolution of his association or not.

The fundamental error in the contention of the plaintiff and of his counsel consists in their treating the case as though the plaintiff, because elected as a delegate to the general committee, had thereby acquired some property rights, or had become invested with some personal privileges; in the enjoyment of which, by his rejection at the hands of the committee, he had been disturbed.

Such a proposition finds no support upon any principle of law or of ethics, and authority for such an action is utterly wanting. At the most, plaintiff's only apparent cause of complaint is that the general committee have refused to him participation in their councils. Whether that rejection has been based upon irregularities in his return, or upon his personal untrustworthiness as a party leader, is quite immaterial here and is a question which, we think, is to be decided by the parties, and not in the courts.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.