96 Fifth Avenue Realty Corporation, Plaintiff, *v.* Harry Greenberg et al., Defendants.

Municipal Court of New York, Borough of Manhattan, August 13, 1943.

*Copal Mintz* for defendants.

*Sidney A. Mauriber* for plaintiff.

Watson, J.  Defendants move for an order dismissing the complaint for insufficiency.  The question to be determined is whether this cause of action falls within the scope of section 16 of article 3 of the General Associations Law so as to save the complaint from the attack made upon it.

Plaintiff obtained judgment in an action brought in the Municipal Court of the City of New York, Borough of Manhattan, First District, against Harry Greenberg, as president of the New York County Committee of the American Labor Party, to recover unpaid rent for premises used and occupied by the committee under a written lease.  Following the entry of judgment, execution thereon was issued to a marshal of the City of New York, who returned it wholly unsatisfied as to property, real or personal, belonging to the committee or owned

jointly by the members thereof. Subsequently, on the authority of section 16 of article 3 of the General Associations Law, plaintiff brought the instant action against a selected few of the members of the committee, named herein as defendants, to recover against them, individually and personally, the amount of the judgment, inclusive of costs and disbursements.

The specific objections to, and defects in, the complaint upon which dismissal of the complaint for insufficiency is sought are:

" 1. As a matter of law, no individual personal liability attaches to members of the County Committee of a political party under or for a committee obligation, such as the leasing and use and occupancy mentioned in the complaint.

" 2. As a matter of law, the plaintiff's sole recourse is against committee funds or assets or income.

" 3. If there be any personal or individual liability on the part of the members of the County Committee, such liability is the joint liability of all of the members of the committee and plaintiff has no cause of action against a selected few. The complaint does not allege that the defendants constituted the committee but merely that they were members; thus the complaint on its face shows the defendants were only some of the members. In addition, the court can take judicial notice of the fact that the County Committee of the American Labor Party was and is composed of a large number of individuals."

Prior to the years 1898 and 1899 political parties were voluntary associations within the true meaning of that term, so that a delegate to a party's general committee arbitrarily could be denied membership in such committee and be left entirely without remedy because no person had a right to compel a voluntary association to admit him to membership, nor could the aid of a court of justice be invoked to command acceptance of that person to membership in a voluntary association. (*McKane* v. *Adams*, 123 N. Y. 609.)

After the decision in the *McKane* case (*supra*) was rendered, the Legislature, by chapter 179 of the Laws of 1898, amended by chapter 473 of the Laws of 1899, changed the character of a county committee of a political party from that of a voluntary association to that of a public and statutory body and thereby raised primary elections to the level of public importance equal to general elections.

The Court of Appeals in *People ex rel. Coffey* v. *Democratic General Committee of Kings County* (164 N. Y. 335) recognized the change made by that legislation and stated, at page 341, that: " The dominant idea pervading the entire statute is the absolute assurance to the citizen that his wish as to the con-

duct of the affairs of his party may be expressed through his ballot and thus given effect, whether it be in accord with the wishes of the leaders of his party or not, and that thus shall be put in effective operation, in the primaries, the underlying principle of democracy, which makes the will of an unfettered majority controlling.'' The court referred to the *McKane* case (123 N. Y. 609, *supra*) in regard to the exclusiveness of membership in a county general committee and pointed out that '' the voluntary character of the county general committee has been destroyed, for the statute expressly commands that ' each party *shall have* a general committee for each county.' There is but one way to gain membership, says the statute, and that is through the suffrages of the members of the party exercised ' at the primary elections on the annual primary day ' and at ' public expense.' (§ 4, subds. 2 and 3, and § 6.) ''

A case similar in many respects to the instant action, brought under section 16 of the General Associations Law, is *Hale* v. *Hirsch* (205 App. Div. 308). The action involved a loan made to the Farmer-Labor Party, an unincorporated body. Three members of the party were sued to recover the amount of the loan. The court said, at page 310: '' There is nothing in the agreement annexed to the complaint to show that it was the intention of the parties thereto to place any liability on the individual members for a repayment of the loan, and it is not definitely alleged in the complaint that the officers who signed the agreement had authority to pledge the individual credit of the members. Therefore, the cause of action is insufficiently stated.''

In *Empire City Job Print, Inc.,* v. *Harbord* (244 App. Div. 6) it was held that the members of a political campaign committee were not personally liable for obligations incurred in the name of the committee unless there was proof that the individual members thereof agreed to extend their personal credit in regard to such obligations.

It is to be noted that in each of the last two cases mentioned where the plaintiff was denied relief, the action was brought against members of a purely voluntary association which was not performing statutory functions. In the present action the persons upon whom personal liability is sought to be fastened for the debt of the County Committee were members of a committee which was not of a nature of a *voluntary* association. The Election Law prescribed the form of its composition, the method by which its members were to be selected, the fixed term of membership (unless sooner terminated by the occur-

rence of certain contingencies specified in the statute) and the statutory and public functions which it is required to perform. In the light of these facts the defendants cannot be regarded as members of a purely voluntary association within the true meaning of that term so as to render them liable individually, under section 16 of article 3 of the General Associations Law, for the amount of the judgment recovered by plaintiff against the County Committee.

I am not unmindful of the cases of *Saxer* v. *Democratic County Committee of Erie County* (161 Misc. 35) and *Democratic Organization of County of Richmond* v. *Democratic Organization of County of Richmond, New York, Inc.* (253 App. Div. 820), which determined that a county committee of a political party is an unincorporated association. That is so because the county committee, as such, is not a legal entity and has no existence independent of the persons who compose the membership. Therefore, the committee, made up of all the associates who are members, must sue and be sued in the name of its president or treasurer in conformance with sections 12 and 13 of the General Associations Law, which statute changed the common-law rule of naming all the associates of an unincorporated association as parties plaintiff or as parties defendant to an action. The question of personal liability of individual members of a county committee of a political party for debts contracted by that committee was not discussed or determined in those cases. They do not, therefore, sustain plaintiff's position that there is individual responsibility of the members solely by virtue of membership in an unincorporated association.

I am unable to agree with the further contention of plaintiff that the judgment obtained against the County Committee conclusively determines that each and every member of the committee is personally liable therefor under section 16 of the General Associations Law.

As a matter of substantive law no personal liability is shown against these defendants. Accordingly, the motion to dismiss the complaint for insufficiency is granted. The objections to the complaint not being of a procedural nature, the granting of leave to plead over would serve no purpose.

The complaint is dismissed, with costs.