HAMILTON COUNTY HOSPITAL ET AL. *v.* ANDREWS

[No. 28,535. Filed March 14, 1949. Rehearing denied April 25, 1949.]

*Campbell & Campbell,* of Noblesville, *Byron Emswiller and Albert Stump,* both of Indianapolis, for appellants.

*Garrison & Castor,* and *Christian & Waltz,* all of Noblesville, for appellee.

STARR, C. J.—The material facts, as shown by the record in this case, are not in controversy. They are as follows: that at all times herein mentioned, there has been in Noblesville, Hamilton County, Indiana, a duly organized county hospital organized pursuant to our statutes covering county hospitals; that on September 9, 1947, this hospital, through its trustees, who are among the appellants herein, adopted, among others, the following rules which are pertinent to this decision:

"Article V—Medical Staff. Section I. The Hamilton County Hospital Staff as a whole shall be made up of the following groups or divisions: (a) The Active Medical Staff, which shall consist of: (1) The Resident Active Medical Staff, which shall include all the physicians having an unlimited license to practice medicine in the State of Indiana *and having membership in Hamilton County professional organization of fully licensed physicians having the largest number of such physicians residing in Hamilton County. . . ."* (Our italics.)

"(d) 2. All appointments to the Staff and assignments to services shall be made by the Board of Trustees *but only upon the recommendation of the Active Medical Staff.* (Our italics.) The Board of Trustees will either accept the recommendation of the medical staff or refer it back for further consideration with a statement of its reasons for such action. When final action has been taken by the governing body the superintendent will be authorized to transmit its decision to the candidate and to the chief of staff. . . ."

"Article VII—Choice of Physician or Surgeon— Section 1. Patients entering the hospital shall have the right to employ the physician or surgeon of their choice; Provided, that such physician or surgeon satisfies the standards of preparation herein stated for the service he is employed to render, and conforms to the following requirements and conditions. (1) He must have an unlimited license to practice medicine in Indiana. . . . (3) He must be a member of the Hamilton County Hospital Medical Staff, hereinafter generally referred to as the staff, as constituted under these rules and regulations; or if he is not a member he shall comply with the following provisions: (a) He is required to have with him in the treatment of his case a physician *who is a member of the staff* and who satisfies the rules and regulations as to qualifications to perform the services appropriate to the care and treatment of the patient. (b) He must, in arranging for admission of his patient, submit to the Superintendent, a written statement of the diagnosis he has made and the service he intends to render. (c) Upon receipt of such written state-

ment, the Superintendent shall call in a member of the staff qualified to render the service mentioned in the written statement, which staff member shall have the right and duty to check the diagnosis and the services the non-staff physician proposes to render; and in event such staff member believes that said diagnosis to be incorrect the proposed treatment to be against the best interest of the patient, he shall so report to the Superintendent who shall transmit and explain to the patient such report. (d) The staff member called pursuant to (c) shall attend and be ready to assist in the rendering of any surgical or other services; and he shall be entitled to receive the same pay as he would receive for rendering the services himself which the patient receives from a non-staff physician and oversees. (e) The patient or the person responsible for the care of the patient who is admitted to the hospital with a non-staff physician attending him, shall be advised by the non-staff physician of all these requirements, including the obligation of the patient to pay the staff member; and the Superintendent shall have authority to make inquiries to determine whether or not such advice has been given and if she finds that it has not, then to give such advice herself. 4. A surgeon desiring to practice surgery who was not a member of the surgical staff of the hospital according to the records of the hospital on March 1, 1947, shall possess the following qualifications, in addition to those mentioned under 1 and 2: (a) He shall be a member of the staff. (b) He shall have a certificate of interneship showing one year service as an interne in hospital approved by the Council of Medical Education and Hospitals of the American Medical Association. (c) In addition to interne training required under (b) he shall have had not less than three years of surgical training which meets the approval of the American College of Surgeons."

The facts further reveal that the appellee was at all times referred to herein, duly licensed to practice medicine, surgery and obstetrics in Hamilton County, this state, but has not served an internship or had the re-

quired surgical training as required by the rules as a condition precedent to the practice of surgery in this hospital; that he became a resident of Noblesville, Indiana, about January 1, 1947; that shortly thereafter, he applied for membership in the Hamilton County Medical Society which is the "professional organization of fully licensed physicians having the largest number of . . . physicians residing in Hamilton County," as referred to in the above rules; that this application was denied; that the hospital thereupon, in accordance with the above rules, refused to permit the appellee to treat his patients in the hospital unless accompanied by a member of the staff; and finally, that at the time of appellee's application for membership in the medical society he was, and still is, practicing his profession at Noblesville, Indiana.

Appellee brought this action to enjoin the appellants, who are the board of trustees of said hospital and the superintendent of the same, from preventing him from practicing in, and using the hospital. He also named as defendant the Hamilton County Hospital as a legal entity. It has also been named as a party appellant to this appeal. No objection having been made to this irregularity, we will ignore the same. His complaint, based upon the admitted facts, is on the theory that the involved rules are arbitrary, discriminatory, unreasonable, monopolistic in their nature, and in restraint of trade.

The trial resulted in a finding and judgment in favor of the appellee against the appellants, enjoining them as prayed. It is from this judgment this appeal was taken.

Appellants have assigned as errors the overruling of their demurrer to the complaint, and the overruling of their motion for a new trial.

One ground of demurrer was for defect of parties claiming that appellee's patients were necessary parties plaintiff. The other ground for demurrer was for insufficient facts for the reason that the trustees had the right to adopt rules, and that the above set out rules are reasonable. The motion for a new trial assigns as reasons therefor, that the decision is not sustained by sufficient evidence and is contrary to law.

There is no defect of parties plaintiff. No reputable physician residing in a county of this state having a county hospital, can be discriminated against by such hospital. This is a right which belongs to him and not his patients. Regularly licensed physicians have a right to practice in public hospitals of this state so long as they stay within the law and conform to all reasonable rules and regulations of the institutions. 25 Am. Jur., Hospitals and Asylums, § 9, p. 592; *Henderson* v. *Knoxville* (1928), 157 Tenn. 477, 9 S. W. 2d 697. In fact the first act which empowered a county of this state to establish a hospital contains the following provision:

> "Any reputable physician residing in any county in this state so establishing or requiring (acquiring) a hospital under this act may have his private patients cared for at such hospital, under the same conditions and upon the same terms that other pay patients are cared for at such hospital, and such physician shall be permitted to attend and in all things treat his said patients in the manner that to him seems best: Provided, however, That all physicians shall be subject to the rules and regulations of said hospital, and said rules and regulations shall be the same to all physicians by this act authorized to have their patients cared for at said hospital." Section 22-3208, Burns' 1933 (Acts 1903, ch. 86, § 8, p. 167.)

The rulings of the trial court in overruling the second ground for demurrer, and overruling the motion for a new trial, present the same questions, as the facts proved in support of the complaint are admitted to be true and are the same facts as alleged in the complaint. We will therefore consider these rulings together.

To require membership of the appellee in the resident active medical staff before permitting him to practice in the hospital, would be a reasonable requirement if such staff were provided for by reasonable rules of the hospital, or the Board of Health through its council, as provided for by our statutes. Sections 42-1607 et seq., Burns' 1940 Replacement (1947 Supp.), (Acts 1945, ch. 346, p. 1639). We say this in the face of § 22-3232, Burns' 1933 (Acts 1917, ch. 144, § 13, p. 527), which among other things provides: "The patient shall have the absolute right to employ at his or her own expense, his or her own physician, and when acting for any patient in such hospital, the physician employed by such patient shall have exclusive charge of the care and treatment of such patient . . . subject always to such general rules and regulations as shall be established by the board of trustees under the provisions of this act." It is our opinion that requiring membership in the staff is such a general rule as is contemplated by the foregoing quoted statute. The present rules, however, provide that the hospital can appoint new members to its staff only upon recommendation of its staff. It would seem by this rule, recommendation to membership may be rejected by the board, but that no one shall be made a member of the staff without such recommendation. This is an unreasonable requirement, as by it the hospital delegates to its staff a virtual veto of its right to perform one of its duties. By this arrangement the staff dictates what physicians may

practice in the hospital. In so holding we are aware that courts of at least one other jurisdiction have approved of staff selection in public hospitals by invitation from their staff. See *Selden* v. *City of Sterling* (1942), 316 Ill. App. 455, 45 N. E. 2d 329. With this holding we cannot agree.

It will be further noted that by the involved rules, appellee's right to practice in the hospital is not only conditioned on his being a member of the staff, but also on his being a member of the Hamilton County Medical Society, an extra governmental agency. His admission to this society depends entirely upon the sole determination of the society. *Medical Soc. of Mobile County* v. *Walker* (1944), 245 Ala. 135, 16 So. 2d 321; *Harris* v. *Thomas* (1920) (Tex. Civ. App.), 217 S. W. 1068; *McKane* v. *Adams* (1890), 123 N. Y. 609, 25 N. E. 1057; 4 Am. Jur., Associations and Clubs, § 11, p. 462. Whether he could ever become a member depends upon conditions beyond his control. By this rule the hospital again delegates its power to determine what physicians may use its facilities. It amounts to a preference in favor of the society and a discrimination against those physicians who by choice or otherwise, are not members of same:

The rule in question relating to surgery which requires a surgeon who was not a member of the staff on March 1, 1947, not only to be a physician licensed by the state, but to have had one year service as an interne in an approved hospital, and three years of surgical training which meets the approval of the American College of Surgeons, as applied to a public hospital such as here involved, is reasonable. We recognize the right of public hospitals to make and enforce reasonable rules for the protection of its patients. In fact such power is expressly conferred by the

sections of our statutes above quoted. We judicially know, and the testimony in this case amply illustrates, that a license to practice medicine does not guarantee that the holder thereof is capable of doing surgery. See *Green* v. *City of St. Petersburg* (1944), 154 Fla. 339, 17 So. 2d 517 wherein reasons in defense of this proposition are well stated. It is true that part of what was said in the last cited case seems to have been said on the assumption that the maintenance of a public hospital by a municipality is not a governmental function which is contrary to the law of this state. *Board of Comrs. of Greene County* v. *Usrey* (1943), 221 Ind. 197, 46 N. E. 2d 823. Nevertheless without this assumption, the reasoning in the Florida case is sound. In oral argument it was also suggested that this rule as to surgery is discriminatory, as it does not apply to those physicians who were members of the staff prior to March 1, 1947. With this we cannot agree. Similar classifications have been upheld for legislative purposes. *Bolivar Twp. Bd. of Fin. of Benton Co.* v. *Hawkins* (1934), 207 Ind. 171, 191 N. E. 158; *Perry Twp.* v. *Indianapolis Power and Light Co.* (1946), 224 Ind. 59, 64 N. E. 2d 296.

It is our conclusion the complaint states facts which entitle the appellee to some relief; namely, the right to practice general medicine, excluding surgery, in the hospital, without being a member of the staff as here constituted, as membership on this staff can only be increased upon recommendation of the staff and is limited to members of the Hamilton County Medical Society. The demurrer for insufficient facts was therefore properly overruled. As to the sufficiency of the evidence to support the finding, it is our opinion that the appellee is not qualified, under the valid portions of

the rules now in force, to perform surgery in the hospital.

We, therefore, reverse that portion of the judgment of the trial court which enjoins the appellants from preventing the appellee from doing surgery in the hospital, and affirm that portion of the judgment which enjoins the appellants from preventing the appellee under the present rules from practicing medicine in the hospital other than surgery.

As the evidence in this case is not in controversy and will not change, we instruct the trial court to enter its finding and judgment in accordance with this opinion.

NOTE.—Reported in 84 N. E. 2d 469.

## ON PETITION FOR REHEARING

STARR, C. J.—In our original opinion we approved the rule of the hospital relating to surgery which required a surgeon to have had one year service as an intern in an approved hospital, and three years of surgical training which meets the approval of the American College of Surgeons. We construe this rule to mean three years of training of the standard approved by the American College of Surgeons. It was an adoption of a certain standard of training which has not been shown to be unreasonable and was not in any sense a delegation of authority to the American College of Surgeons to determine whether that standard had been complied with in each instance —that determination rests with the board of trustees of the hospital.

The petition for rehearing is denied.

NOTE.—Reported in 85 N. E. 2d 365.