R. C. BELL, Clinton Warner, Ruby Doris Smith, by her mother and next friend, Alice Banks Smith, Edwina M. Smith, John A. Middleton, Dorothy F. Cotton and Septima P. Clark, Plaintiffs,

v.

The GEORGIA DENTAL ASSOCIATION, The Northern District Dental Society et al., Defendants.

Civ. A. No. 7966.

United States District Court
N. D. Georgia,
Atlanta Division.

Feb. 3, 1964.

Donald Hollowell and Horace T. Ward, Atlanta, Ga., Jack Greenberg, James M. Nabrit, III, and Michael Meltsner, New York City, for plaintiff.

Jones, Bird & Howell, Atlanta, Ga., for Fulton-DeKalb Hospital Authority and Frank Wilson.

Trammell Shi and Paul M. Conaway, Macon, Ga., for Georgia Dental Association, W. Edgar Coleman and Northern District Dental Society, Jas. H. Sherard.

HOOPER, Chief Judge.

Defendants, The Georgia Dental Association and The Northern District Dental Society (together with their Presidents, also joined herein) have filed a motion to dismiss the above action based primarily upon the contention that they constitute voluntary associations of professional men whose acts herein complained of are not acts under color of law as contemplated by the Fourteenth Amendment of the United States Consti-

tution and the Civil Rights Statute passed pursuant thereto.

Plaintiffs contend that said defendants are under the law acting as agencies of the State of Georgia because of certain statutes of Georgia.

It is pointed out Section 84-702 of the Georgia Code constitutes the Board of Dental Examiners of Georgia, consisting of seven members to be appointed and commissioned by the Governor as follows:

"The Georgia Dental Association *shall* (emphasis supplied), at each annual meeting, nominate four reputable practicing dentists for each expired or next expiring Board member's term, and from each group of four dentists so nominated the Governor *shall* (emphasis supplied) appoint one to said Board to serve five years and until his successor is appointed."

In case of vacancy it is provided the vacant place shall be filled in like manner.

Plaintiffs also point out that Georgia Code Section 88-102, constituting the Board of Health of the State of Georgia, shall be composed of fifteen members appointed by the Governor and confirmed by the Senate, and that

"* * * all appointments *shall* be made from lists of nominees submitted to the Governor by the governing bodies of the Medical Association of Georgia, the Georgia Dental Association, and the Georgia Pharmaceutical Association." (emphasis supplied)

Plaintiffs also point out that Georgia Code Section 99-1704 establishes a Hospital Advisory Council for Construction, Licensure and Indigent Care to advise with the State Board of Health relative to policies, procedures, rules, regulations and standards,

"* * * and perform such other functions as may be placed upon it by law."

It shall include,

"* * * one dentist appointed by the Georgia Dental Association."

and consists of approximately twenty members.

There seems to be no doubt that the right to name officials of the State of Georgia is state action.

A large number of decisions from all the courts of this land have been cited by both plaintiffs and defendants and the question has been thoroughly argued before this Court by counsel.

Counsel for defendants insist that the two defendant Associations are private professional organizations with a right to admit such dentists as they see fit. Absent the Legislative acts above referred to there seems to be no doubt movants' position is correct.

Diligent counsel for defendants cited a number of decisions. Much emphasis is placed upon the case of Oliphant v. Brotherhood of Locomotive Firemen and Enginemen, 6 Cir., 262 F.2d 359, holding that a labor union had the right to exclude Negroes from its membership as the record failed to show that it was an agency of the Federal government in so doing. The Court said:

"The Brotherhood is a private association, whose membership policies are its own affair, and this is not an appropriate case for interposition of judicial control" (262 F.2d p. 363).

It was pointed out, however, that the Fifth Amendment, unlike the Fourteenth Amendment, contains no equal protection guarantee and the Court points out,

"this record does not show an agency of the federal government to have been responsible for appellants' plight." [1]

1. The above distinction was also pointed out in Eaton v. Board of Managers of James Walker Memorial Hospital, 4 Cir., 261 F.2d 521, holding that the hospital in question was a private hospital. But,

see Simkins v. Moses H. Cone Memorial Hospital, 4 Cir., 323 F.2d 959, p. 968. In so far as the Simkins case declares the Hill-Burton Act to be invalid it has no bearing on the instant case as Grady

Except for the Acts of the Georgia Legislature above quoted, the Georgia Dental Association and the Northern District Dental Society would have the undoubted right to admit only such persons as they desired, and could, without violating any law, exclude Negroes from membership. The Georgia Legislature, however, by giving to the Dental Association the right to nominate members of the three state agencies above referred to, made it an agency of the State of Georgia to that extent. The Dental Association by excluding Negro dentists from its membership thereby deprived them of the right to vote in connection with the nomination of dentists to fill places on the three boards mentioned, one of these boards having the responsibility of examining applicants for a license to practice dentistry in Georgia. The result of such action therefore is that only dentists approved by those of the white race can be elected to such offices and Negro dentists can have no voice in their selection. This seems to be a clear violation of the Equal Protection Clause of the United States Constitution.

Plaintiffs do not charge that there has been any actual discrimination by Georgia Dental Association in nominating members to these three state boards, but that is not necessary. Unlawful discrimination lies in the deprivation of Negro dentists of the right to vote on such nominations.

As no one can be a member of the Georgia Dental Association without being a member of a district dental society in this state it follows that the Northern District Dental Society is subject to the principles above stated. It is therefore ordered that motions to dismiss filed by both the Georgia Dental Association and the Northern District Dental Society be, and they are hereby, overruled.

This phase of the case is separate and distinct from the action against the Fulton-DeKalb Hospital Authority and it may be there are no facts in dispute regarding these two dental associations [2] and that summary judgment might be in order should a motion be filed to that end.

This Court is of the opinion that this order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. For this reason, the Court is of the opinion that this is a proper case for interlocutory appeal provided for by 28 U.S.C.A. § 1292(b) and recommends that the appeal be granted by the Fifth Circuit Court of Appeals.

In order to allow application for appeal, further proceedings in this court as to these movants are stayed pending further order of court.

Memorial Hospital is a public and not a private hospital, regardless of Hill-Burton funds. Movants here are not concerned with that feature of this case.

2. In this case it appears that the Fulton County Medical Society and the Medical Association of Georgia have amended their by-laws and removed restrictions against membership by Negroes.