Maynard V. FOSTER and LeBaron A. Foster, Appellants,

v.

MOBILE COUNTY HOSPITAL BOARD, et al., Appellees.

No. 24739.

United States Court of Appeals Fifth Circuit.

June 24, 1968.

Orzell Billingsley, Jr., Birmingham, Ala., Reber F. Boult, Jr., Atlanta, Ga., Melvin L. Wulf, New York City, of counsel, Charles Morgan, Jr., M. Laughlin McDonald, Atlanta, Ga., for appellants.

Allan R. Cameron, George F. Wood, Mobile, Ala., for appellees.

Before THORNBERRY, AINSWORTH and DYER, Circuit Judges.

AINSWORTH, Circuit Judge:

Appellants, two Negro physicians, residing in the City of Mobile, Alabama, instituted this suit as a class action against defendants Mobile County General Hospital Board, its officers and members, to enjoin the denial of ad-

mission to the medical staff of the Mobile County General Hospital, based on allegations of racial discrimination. Jurisdiction was predicated on 28 U.S.C. § 1343 (4) and 42 U.S.C. §§ 1981 and 1983, also the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the Constitution of the United States, and the Civil Rights Act of 1964, 42 U.S.C. § 2000a, et seq.[1] Appellants, who are licensed to practice medicine in the State of Alabama, have applied for staff membership in the Hospital. Their applications were denied on the basis of the "By-Laws, Rules and Regulations" of the Medical Staff of the Hospital which require, as a prerequisite to admission to the staff, that applicants be members of the Mobile County Medical Society and further that each application be signed by at least two members of the active medical staff of the Hospital who are acquainted with the applicant, attesting to his character and general fitness. Neither of these requirements has been met by appellants.[2]

The Hospital staff is composed of practicing physicians in Mobile County, Alabama. Staff membership may be temporary or regular. Temporary privileges, although not conditioned upon membership in the Mobile County Medical Society, are automatically revoked upon failure of the physician to apply for staff membership within six months. The regular staff consists of the courtesy

1. The complaint alleged that the members of the class were so numerous as to make it impractical to bring them individually before the court. However, the evidence shows that there are eleven Negro physicians licensed to practice in Mobile County. Six of the eleven are staff members of the Hospital. Of the remaining five, only the two appellants have applied for, and have been denied, admission to the Hospital staff. Obviously the action cannot be maintained as a class action. Rule 23, Fed.R.Civ.P. Nevertheless, appellants themselves, having been denied admission to the Hospital staff, have asserted a litigious right and are properly before the court to challenge the admission requirements.

42 U.S.C. § 1983 provides that "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

2. "Article III, Section 1—Qualifications— The applicant for membership on the Medical Staff * * * shall be a member of the Medical Society of Mobile County. * * * "
* * *

"Article III, Section 3, Subsection 3a— Temporary Hospital Privileges—* * * each application must be signed by at least two members of the Active Medical Staff who are acquainted with the applicant, attesting that he has such character and general fitness as justifies his being granted hospital privileges."

Both letters denying admission to the medical staff are dated December 8, 1965, and are signed by the Administrator of Mobile General Hospital.

The letter to Dr. M. V. Foster reads: "In reply to your letter of December 2, after due consultation with members of the Executive Committee of the Medical Staff and with members' of the Hospital Board, I am returning your application for completion.

"Article III, Section 1, of the Staff Constitution states:

'The applicant for membership on the Medical Staff shall be a graduate of an approved or recognized medical or dental school, legally licensed to practice in the State of Alabama, *and shall be a member of the Medical Society of Mobile County* or the Dental Society of Mobile County.'

"Article III, Section 3, Subsection 3a states:

'Furthermore, each application must be signed by at least two members of the Active Medical Staff who are acquainted with the applicant, attesting that he has such character and general fitness as justifies his being granted hospital privileges.'

"Your application is therefore returned for fulfillment of these two constitutional requirements. If you wish to re-submit it upon completion, it will be reconsidered."

The letter to Dr. LeBaron A. Foster is substantially identical and based on the same reasons.

staff and the teaching staff. The teaching staff is subdivided into associate teaching and active teaching. Membership in the Mobile County Medical Society is a prerequisite for any position on the regular staff.

Staff membership by a physician is a requirement for admission and treatment of patients in the Hospital. Any patient of appellants (or any other non-staff physician) who requires hospital treatment and who is able to pay for services must be cared for by a staff physician who is remunerated by the patient. Use by a physician of the Hospital's facilities is also contingent upon his being a member of the staff. The Hospital is the only public hospital in the County and the largest in the area. Among other services it provides facilities and treatment for most of the charity patients in the County and operates on a 24-hour schedule for emergencies.

Thus appellants, by reason of their being denied staff membership, are restricted in their medical practice. Unless the care of appellants' patients is transferred to other physicians who have staff membership, the patients are denied the use of the Hospital's modern electronic and mechanical equipment and emergency lifesaving devices and materials readily available in this Hospital which operates on a large scale and has access to substantial public funds. Appellants' rights to adequate financial remuneration for the care of their patients in the Hospital, rights to which they are entitled by virtue of their training and experience, are also severely curtailed. The physician and patient must forego the doctor-patient relationship so *important to both of them.*

In Wyatt v. Tahoe Forest Hospital District, 174 Cal.App.2d 709, 345 P.2d 93, 97 (1959), a California appellate court, recognizing the importance of a physician's right to practice medicine in a hospital, said:

"It is common knowledge that a physician or surgeon who is not permitted to practice his profession in a hospital is as a practical matter denied the right to fully practice his profession. In this day of advanced medical knowledge and advanced diagnostic techniques much of what a physician or surgeon must do can only be performed in a hospital."

Appellants are unquestionably qualified to follow their profession. They are graduates of Meharry Medical School, Nashville, Tennessee. Both are members of the Gulf Coast Medical Society, the Alabama Medical Society, and the National Medical Association. Dr. Maynard V. Foster, is licensed to practice in Alabama, Kentucky, and Michigan. He completed his internship at Hurley Hospital, Flint, Michigan, where he was the top student in his class which consisted of eleven interns. He treats an estimated seventy-five to a hundred patients a day. Dr. LeBaron A. Foster interned at St. Joseph Mercy Hospital, Pontiac, Michigan, and is temporarily serving as a Captain in the U. S. Army Medical Corps in Augusta, Georgia. He is licensed to practice medicine in Alabama and Georgia. The record does not indicate that admission of appellants to the Hospital staff was denied because of lack of professional qualifications. The only basis for denial evident from the record is the failure of the applicants to meet the two requirements—membership in the Mobile County Medical Society (which necessitates endorsements from four Society members) and endorsement of their applications by two Hospital staff physicians.

The District Court, after trial on the merits without a jury, found that there was no evidence of racial discrimination, that the admission requirements were reasonable, and denied injunctive relief. While we agree that the evidence does not support a finding of discrimination based on race, this determination alone does not preclude appellants from prevailing if there are other grounds alleged which would entitle them to the relief they seek. The question, therefore, which we must decide is whether the requirements of the "By-Laws, Rules and

Regulations" of the Medical Staff of the Hospital, by which appellants are excluded from practice in the Hospital, are unreasonable or arbitrary and thus violative of the Fourteenth Amendment.

It is not disputed by appellees that the Mobile County Hospital Board, which was created by Act No. 46 of the Alabama Legislature, and which receives both state and federal funds, is a public institution. Its acts, therefore, are state acts subject to the provisions of the Fourteenth Amendment. Ex parte Commonwealth of Virginia, 100 U.S. 313, 25 L.Ed. 667 (1880); Cooper v. Aaron, 358 U.S. 1, 78 S.Ct. 1401, 3 L.Ed.2d 5, 19 (1958); Robinson v. State of Florida, 378 U.S. 153, 84 S.Ct. 1693, 12 L.Ed.2d 771 (1964).[3]

That such state action demands equal treatment of members of the same class (i. e. physicians) is a fundamental requisite of equal protection rights. Any distinction between such members must be on a reasonable basis. Carrington v. Rash, 380 U.S. 89, 85 S.Ct. 775, 13 L.Ed. 2d 675 (1965). Moreover the distinctions which are drawn must in some way relate to the purpose of the classification made. Baxstrom v. Herold, 383 U.S. 107, 86 S.Ct. 760, 15 L.Ed.2d 620 (1966); Rinaldi v. Yaeger, 384 U.S. 305, 86 S.Ct. 1497, 16 L.Ed.2d 577 (1966); McLaughlin v. State of Florida, 379 U.S. 184, 85 S.Ct. 283, 13 L.Ed.2d 222 (1964); Morey v. Doud, 354 U.S. 457, 77 S.Ct. 1344, 1 L.Ed. 2d 1485 (1957).

The bylaws of the Hospital medical staff which require membership in the Mobile Medical Society thus discriminate between members and nonmembers of the Society, all of whom are members of the same profession, thereby denying the nonmembership class the equal protection demanded by the Constitution. The distinctions drawn between members and nonmembers of the Mobile County Medical Society are not related to the express purpose for the formation of the medical staff, stated in the staff's bylaws to be, "To insure that all patients admitted to the hospital or treated in the outpatient department receive the best possible care." Nor do such distinctions rest on any reasonable basis, such as the professional and ethical qualifications of the physicians or the common good of the public and the Hospital, which may be constitutionally applied in determining the class of people who are eligible to practice medicine in a public hospital. Undoubtedly reasonable conditions may be imposed by the Hospital, but we do not view the requirements of the endorsement by two staff members as having satisfied that standard, as the necessary endorsements may be arbitrarily and discriminatorily withheld. The staff bylaws provide for no appeal or review procedure to an applicant who has been unable to secure the requisite endorsements; they provide for no right to be heard in order that the applicants might present their qualifications or the right to be informed on what basis they are excluded. Cf. Wyatt v. Tahoe Forest Hospital District, supra; Sussman v. Overlook Hospital Ass'n, 95 N.J.Super. 418, 231 A.2d 389 (1967).

In Ware v. Benedikt, 225 Ark. 185, 280 S.W.2d 234 (1955), the Arkansas Supreme Court struck down as invalid a public hospital bylaw which conditioned admission to practice in the hospital upon approval and recommendation of a county medical society. The Indiana Supreme Court reached the same result in similar factual circumstances in Hamilton County Hospital v. Andrews, 227 Ind. 217, 84 N.E.2d 469, 85 N.E.2d 365 (1949).[4] The *Hamilton* case is also authority for the principle that a rule which permits a hospital to appoint new mem-

---

3. Cf. Bell v. Georgia Dental Association, N.D.Ga., 1964, 231 F.Supp. 299; Hawkins v. North Carolina Dental Society, 4 Cir., 1966, 355 F.2d 718.

4. See also the recent decision of Milford v. People's Community Hospital Author-

ity, 380 Mich. 49, 155 N.W.2d 835 (1968), condemning hospital staff privilege requirements based on arbitrary standards and procedures.

bers to its staff only on the recommendation of that staff is invalid. In that case the Indiana Supreme Court, in discussing requirements for admission, said (84 N.E.2d at 472):

"The present rules, however, provide that the hospital can appoint new members to its staff only upon recommendation of its staff. It would seem by this rule, recommendation to membership may be rejected by the board, but that no one shall be made a member of the staff without such recommendation. This is an unreasonable requirement, * * *.

"It will be further noted that by the involved rules, appellee's right to practice in the hospital is not only conditioned on his being a member of the staff, but also on his being a member of the Hamilton County Medical Society, an extra governmental agency. His admission to this society depends entirely upon the sole determination of the society. Medical Soc. of Mobile County v. Walker, 1944, 245 Ala. 135, 16 So.2d 321; Harris v. Thomas, Tex. Civ.App. 1920, 217 S.W. 1068; McKane v. Adams, 1890, 123 N.Y. 609, 25 N.E. 1057, 20 Am.St.Rep. 785. 4 Am. Jur. Associations and Clubs § 11, p. 462. Whether he could ever become a member depends upon conditions beyond his control. By this rule the hospital again delegates its power to determine what physicians may use its facilities. It amounts to a preference in favor of the society and a discrimination against those physicians who by choice or otherwise, are not members of same."

We, therefore, remand this case to the District Court for the entry of a judgment permanently enjoining the defendants from limiting admission to the medical staff of the Hospital on the basis of the articles of the bylaws requiring membership by appellants in the Medical Society of Mobile County and further re-

quiring that each application of appellants be signed by at least two members of the active medical staff, and for such other relief consistent with this opinion.

Reversed and remanded.