WILLIAM LAMBING, Respondent, v. BOARD OF COUNTY COMMISSIONERS OF TWIN FALLS COUNTY, Respondents; D. L. ALEXANDER et al., Intervenors and Appellants.

[263 Pac. 992.]

COUNTY HOSPITALS—CONTROL.

Laws 1921, chap. 141, invests county commissioners with sole authority to control county hospitals.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County. Hon. William A. Babcock, Judge.

Appeal from order of county commissioners. Judgment for plaintiff. *Affirmed.*

Bothwell & Chapman, for Appellants.

The board of county commissioners are empowered to make suitable rules and regulations for the management

Publisher's Note.

See Appeal and Error, 4 C. J., sec. 2564, p. 670, n. 93.

Hospitals, 30 C. J., sec. 8, p. 464, n. 42 New.

and operation of the Twin Falls County General Hospital. (1921 Sess. Laws, chap. 141.)

A hospital may provide reasonable rules concerning the qualifications of physicians allowed to practice in the hospital and may refuse to permit physicians professing a certain system of healing to practice in the hospital. (30 C. J. 463, sec. 7; *Harris v. Thomas* (Tex. Civ. App.), 217 S. W. 1068; *Van Campen v. Olean General Hospital*, 210 App. Div. 204, 205 N. Y. Supp. 554; *State ex rel. Wolf v. La Crosse Lutheran Hospital Assn.*, 181 Wis. 33, 193 N. W. 994.)

The reasonableness of a regulation of the kind involved herein is a question of law. (*People v. Manhattan State Hospital*, 5 App. Div. 249, 39 N. Y. Supp. 158; 30 C. J. 464.)

In considering the reasonableness of an order made by the board of county commissioners, of which it had jurisdiction and was empowered by law to make, the district court and the supreme court may only determine whether the board abused its discretion in making the order. (*Criddle v. Board of Commrs.*, 42 Ida. 811, 248 Pac. 465; *Etter v. Board of Co. Commrs.*, 44 Ida. 192, 255 Pac. 1095; *Sullivan v. Board of County Commrs.*, 22 Ida. 202, 125 Pac. 191.)

E. M. Wolfe, for Respondent Lambing, cites no authorities on points decided.

GIVENS, J.—The board of county commissioners of Twin Falls county on December 27, 1924, adopted a resolution providing that Twin Falls County General Hospital should be standardized in accordance with the minimum requirements for standardization of the American College of Surgeons. The Twin Falls County Medical Association was requested to form a staff and make the necessary changes required for standardization. Pursuant to the authority granted by this order of the commissioners, resolutions were adopted by an executive committee of the

Medical Association, and approved by the board of commissioners, which, in effect, restricted the membership on the hospital staff to the "regular" school of physicians and surgeons and excluded the so-called "irregulars," chiefly the osteopaths and chiropractors.

William Lambing, one of the respondents herein, appealed from the order of the commissioners to the district court, alleging that it resulted in unlawful discrimination among the various schools of licensed practitioners, and further that it would entail greater expense for maintaining the hospital.

. D. L. Alexander and the other "regular" practitioners on the staff of the hospital filed a petition in intervention.

Several days before the case came on to be heard, the board of county commissioners adopted a resolution rescinding the order of December 27, 1924. This second resolution had the effect of removing the restrictions as to other than the so-called "regular" practitioners, theretofore affected by the first order or resolution.

When the case was called for trial, counsel for respondent Lambing (plaintiff below) moved that it be dismissed on the ground that the order appealed from had been set aside and there was therefore nothing before the court to consider. This motion was denied. It appeared in the argument that the members of the staff of the hospital who had intervened in the appeal from the first order had themselves filed an appeal from the second order. But this second appeal does not appear in the record and apparently the second order of the commissioners and the appeal based on this order were alike ignored by the lower court.

Judgment was rendered in favor of the respondent (plaintiff below), vacating the first order of the commissioners of December 27, 1924, and ordering them "to pass resolutions in conformity with this judgment."

The intervenors appealed. The only questions before this court are those raised in this appeal. The judgment appealed from, it should be borne in mind, in effect, sim

ply confirms the second order of the commissioners opening the hospital to all.

The statutes invest the county commissioners with sole authority to control county hospitals. (Sess. Laws 1921, chap. 141, p. 327.) If the questions raised here are concerned with an exercise of their discretion, there is no showing that they abused it, and without such showing, the order is not to be disturbed. (*Criddle v. Board of County Commissioners*, 42 Ida. 811, 248 Pac. 465, citing *Reynolds v. Board of County Commissioners*, 6 Ida. 787, 59 Pac. 730.)

If appellants contend that as a matter of law, the county commissioners *must* exclude the so-called "irregulars" from county hospitals, they have cited no cases so holding nor have we found any. Appellants have directed our attention to a number of authorities holding that in some circumstances certain classes of practitioners *may* be excluded. But it by no means follows that they *must* be excluded.

On the ground that the order of the board of county commissioners allowing all licensed practitioners to practice in the Twin Falls County General Hospital is not illegal, the judgment is affirmed.

Costs awarded to respondents.

Wm. E. Lee, C. J., and Taylor and T. Bailey Lee, JJ., concur.

Petition for rehearing denied.