FRANK A. WALLINGTON

*v.*

KERMIT ZINN, *et al.*

(CC 858)

Submitted January 11, 1961.   Decided March 7, 1961.

*Clarence E. Martin, Jr., Carroll W. Casto, C. V. Wehner, for plaintiff.*

*James T. Dailey, Jr.,* for defendants.

GIVEN, JUDGE:

Plaintiff, Frank A. Wallington, a duly licensed osteopathic physician and surgeon, instituted this proceed-

ing in the Circuit Court of Preston County, against Kermit Zinn, Archie Rogers, A. L. Reed, Berlin Wilhelm and Cramer W. Gibson, Trustees of the Preston Memorial Hospital, and The Joint Commission on Accreditation of Hospitals, an Illinois corporation, for the purpose of having adjudicated his rights to use the facilities of the Preston Memorial Hospital, a hospital created and organized pursuant to the provisions of Chapter 43 of the 1951 Acts of the Legislature, and praying for an injunction prohibiting defendants from taking any action which would tend to deny the plaintiff the full use of such facilities. The trial court awarded a temporary injunction against the board of trustees, prohibiting it from denying the use of such facilities to the plaintiff during the period of probation theretofore granted him, which allowed him the right to use such facilities and the right to practice in the hospital during the probationary period, sustained a demurrer to the bill of complaint, and certified its action to this Court. The probationary period granted plaintiff by the trustees having expired before the certification, the questions related thereto are not now involved.

About November 19, 1959, the board of trustees of the hospital granted plaintiff the privilege to practice in the hospital, and the right to the use of its facilities for a probationary period of six months. The hospital had theretofore been accredited by the defendant, The Joint Commission on Accreditation of Hospitals, which corporation examined, approved and accredited hospitals throughout the United States, and especially in West Virginia. About December 14, 1959, the corporation rescinded its accreditation of the hospital, apparently for the sole reason that the board of trustees had granted the use of the hospital facilities to an osteopathic physician and surgeon, the plaintiff, and refused further accreditation to the hospital unless the right granted plaintiff was rescinded, which the board of trustees did, January 6, 1960. The effective date of such revocation was February 6, 1960.

Plaintiff alleges, in effect, that he is a resident and taxpayer of Preston County; that many of his patients are taxpayers and citizens of that county; that many of his patients require medical treatment that can be given only in a hospital; that no other hospital exists in the county, or reasonable vicinity, which is equipped to render such treatment; that he can not render proper care and treatment of his patients in the event the use of the facilities of the hospital is denied him; that the denial of such use would cause him irreparable damages; that his patients are "entitled to a free choice of their physician", without limitation or discrimination; and that such denial "constitutes discrimination in favor of the practice of one school of medicine".

The Preston Memorial Hospital was organized pursuant to provisions of Chapter 43 of the 1951 Acts of the Legislature, now included in Article 3, Chapter 7 of Michie's 1955 Code of West Virginia. Section 15 of Article 3 provides that "The administration and management of any county public hospital acquired, equipped, furnished, improved or extended under section fourteen of this article shall be vested in a board of hospital trustees, consisting of not less than five members appointed by the county court * * * Such board of trustees shall provide for the employment and shall fix the compensation and remove at pleasure all professional, technical and other employees, skilled or unskilled, as it may deem necessary for the operation and maintenance of the hospital; and disbursement of funds in such operation and maintenance shall be made only upon order and approval of such board. The board of trustees shall make all rules and regulations governing its meetings and the operation of the hospital." Section 16 of Article 3 requires that "* * * the hospital and all appurtenances shall be operated and maintained on a revenue producing and self-sustaining basis * * *".

In *Shaffer v. Monongalia General Hospital*, 135 W. Va. 163, 62 S. E. 2d 795, the hospital involved ex-

isted by virtue of Chapter 112 of the 1943 Acts of the Legislature, very similar in effect to the statute here involved. In that case we held that the hospital was "a public hospital". Insofar as the question is here material, we think the classification there made is controlling as to the hospital here involved, that is, it must be considered as a public hospital. See *Hogan v. Clarksburg Hospital Co.*, 63 W. Va. 84, 59 S. E. 943.

In *Vest v. Cobb*, 138 W. Va. 660, 76 S. E. 2d 885, a proceeding wherein plaintiffs sought an injunction prohibiting the defendant, a duly licensed osteopathic physician and surgeon, from administering or prescribing medicines or narcotics for his patients, and from performing surgery, this Court held that defendant was, by virtue of provisions of Code, 30-14-9, as amended, entitled to the same rights to the practice of his profession as were physicians and surgeons of other schools of medicine, and had the right to treat any human ailment or infirmity by any method authorized or used by the so-called regular physicians and surgeons. The holding, however, had no relation to the right of an osteopathic physician and surgeon, or of any medical practitioner, to practice his profession in any hospital, private or public.

The controlling question which we must decided relates to the right or power of the board of trustees of the Preston Memorial Hospital to deny petitioner, or any other physician or surgeon, the use of the facilities of the hospital, that is, deny him the right to practice therein, or to be and remain a member of the staff of the hospital. The question has troubled the Courts, and they are divided in authority. We believe, though, they almost uniformly agree that the matter is one resting within the control or power of the Legislature. As has been noticed, our statute, in its application, is very broad and inclusive. The entire "administration and management" is "vested in a board of hospital trustees". Such board has power to "provide for the employment and shall fix compensation and remove at pleasure all professional, technical and other

employees, skilled or unskilled, as it may deem necessary for the operation and maintenance of the hospital'', and it ''shall make all rules and regulations governing * * * the operation of the hospital''; and the board of trustees is admonished that the hospital shall be operated and maintained on a ''self-sustaining basis''.

Though a license to practice a profession is a valuable right, one that will be protected by the law, it is not a constitutional or inherent right of a citizen. *In Re Application of Adkins*, 83 W. Va. 673, 98 S. E. 888; *In re Application for License to Practice Law*, 67 W. Va. 213, 67 S. E. 597; Annotation, 24 A.L.R. 2d 850. In the granting of a license to practice a profession, the State's interest and concern extend beyond the initial licensing. *Barsky v. Board of Regents of the University of the State of New York*, 347 U. S. 442, 74 S. Ct. 650, 98 L. ed. 829; *Newton v. Board of Commissioners of Weld County*, 86 Colo. 446, 282 P. 1068; *Richardson v. City of Miami*, 144 Fla. 294, 198 So. 51.

The case cited by counsel most factually similar to the instant one, having practically the same problems, is *Duson v. Poage* (Tex. Civ. App.), 318 S. W. 2d 89. There two osteopathic physicians and surgeons sought the right to use the facilities of a county hospital. A rule of the hospital required that only members of the hospital staff could use the facilities of the hospital, and that an applicant for membership ''shall be a graduate of a school of medicine approved by the American Medical Association'', which had the effect of excluding from practicing in the hospital all osteopathic physicians and surgeons. The trial court granted the relief sought, but on appeal it was held that the rule was reasonable, and was within the power of the county hospital board. After examining and analyzing the applicable statute, and noting the power vested in the Board of Management, the Court stated: ''This enjoined upon the Board the duty of adopting such rules as are reasonably necessary to carry out the purposes of the Act. The purpose of the Act was to enable a

county to establish a hospital and operate it in a manner that would best serve the greatest number in the community. The Act recognizes there will be problems in discipline, both with respect to patients and doctors. It authorizes the Board to adopt rules relating to discipline. One of the age-old problems is the conflict between osteopaths and allopaths. If in a given community the hospital can best be operated by the exclusion of osteopaths, we find no inhibition in law' to such exclusion. We do not mean to say that in this case the appellees did anything to occasion any disciplinary action toward them. In fact, we feel the record shows to the contrary. It is, however, within the power of the Board to determine what rules are necessary to maintain discipline in a manner that will enable them to successfully operate the hospital. The Board might well not agree with the precipitate action of the allopaths, but still feel in the light of the problem thus presented that it was necessary to get them back on the job in order to adequately care for the health of the people in the community. From the record in this case, we feel that this was the position of the Board." Though in the cited case the Board of Management was faced with the indicated pending difficulty, we think the trustees in the instant case would be as justified in attempting to avoid the happening of such a situation, the impossibility of operating and maintaining the hospital, as they would be in finding a remedy after the situation had actually arisen. If the right or power existed in the trustees in the one case, it would exist in the other. In *Newton v. Board of Commissioners of Weld County*, 86 Colo. 446, 282 P. 1068, the Court held: "2. Resolution of board of county commissioners barring osteopathic physicians from practicing their profession in the two county hospitals, erected pursuant to Laws 1925, p. 410, c. 143, *held* neither arbitrary nor unreasonable, nor does it deprive an osteopathic physician of his rights under the privileges and immunities clause of state and federal Constitutions, and the due process and equal protection clauses of Const. U. S. Amend. 14."

In 41 C.J.S., Hospitals, Section 5, it is stated: "All hospitals have the power to prescribe reasonable rules for the conduct of the institution. Accordingly a hospital may prescribe reasonable rules concerning the qualifications of physicians allowed to practice in the hospital. The governing body of a hospital may properly permit all licensed practitioners to practice therein, and it has been held that any licensed physician, as long as he stays within the law, has the right to practice in the public hospitals of the state. The governing body of a hospital ordinarily may refuse to permit physicians professing a certain system of medicine to practice in the hospital * * *". There are many authorities to the same effect. *Hamilton County Hospital v. Andrews,* 227 Ind. 217, 84 N. E. 2d 469; *Selden v. City of Sterling,* 316 Ill. App. 455, 45 N. E. 2d 329; *Lambing v. Board of Commissioners of Twin Falls County,* 45 Idaho 468, 263 P. 992; *Bryant v. City of Lakeland,* 158 Fla. 151, 28 So. 2d 106; *Group Health Cooperative of Puget Sound v. King County Medical Society,* 39 Wash. 2d 586, 237 P. 2d 737; *Hayman v. City of Galveston,* 273 U. S. 414, 47 S. Ct. 363, 71 L. ed. 714.

Though there is authority to the contrary, see 26 Am. Jur., Hospitals and Asylums, Section 9, we are of the view that in the instant case the action of the board of trustees of the Preston Memorial Hospital, complained of, was within the power vested in the board by the statute quoted above. The power, of course, does not relate to , is not limited to, any particular licensed practitioner or to any school of medicine, but to the overall duty and responsibility of the board in the efficient operation or management of the hospital, for the purpose for which created, the best service for the greatest number of people in the community. *Duson v. Poage* (Tex. Civ. App.), 318 S. W. 2d 89. In the exercise of that discretion by the board, without arbitrariness, caprice or discrimination, the Courts can not interfer.

Plaintiff further contends that though the action of the board of trustees is found to fall within the power

154

granted by the statute, the exercise of such power by the board was unreasonable, discriminatory, and constituted an abuse of discretion. We are not of that view, however. The question appears to be fully answered by the above quotation from *Duson v. Poage*. We are not saying, of course, that the board of trustees has the right to act arbitrarily or capriciously in any circumstance. We are merely saying that the action of the board, as it relates to plaintiff, was not unreasonable, but was reasonably related to the efficient management and operation of the hospital and to the duties and responsibilities imposed on the board of trustees by statute. See *Newton v. Board of Commissioners of Weld County*, 86 Colo. 446, 282 P. 1068; *Lambing v. Board of Commissioners of Twin Falls County*, 45 Idaho, 468, 263 P. 992; *Findlay v. Board of Supervisors of County of Mohave*, 72 Ariz. 58, 230 P. 2d 526; *Bryant v. City of Lakeland*, 158 Fla. 151, 28 So. 2d 106; *Selden v. City of Sterling*, 316 Ill. App. 455, 45 N. E. 2d 329; *Group Health Cooperative of Puget Sound v. King County Medical Society*, 39 Wash. 2d 586, 237 P. 2d 737, Annotation 24 A.L.R. 2d 850.

The basic problem is not whether a certain practitioner, or practitioners of a certain school of medicine, may be allowed or denied the use of the facilities of such a hospital, or the right to practice therein. The real problem is one of practicality, the best manner of operating and maintaining a particular hospital in such a way that the health of the greatest number of people entitled to benefits therefrom will receive the same. In the instant case, to illustrate, the board of trustees has decided that the proper and best way to operate the hospital, in the circumstances involved, is to deny the use of the facilities thereof to a particular practitioner, the plaintiff. That the plaintiff happens to be a practitioner of the osteopathic school of medicine is only incidental. If the situation and circumstances were the reverse we would have no hesitancy in saying that a practitioner of any other school of medicine could be denied the right to the use of such facilities.

Plaintiff further argues that the action of the board denying plaintiff the right to use the hospital facilities, for the reason that the defendant The Joint Commission on Accreditation of Hospitals refused to grant accreditation to the hospital, amounts to an unwarranted and unlawful delegation of the duties of the board of trustees to a private corporation not responsible or accountable to the State. We think, however, that the allegations of the bill of complaint, here on demurrer, do not fairly raise the question of the delegation of authority by the board of trustees. True, the action of the board complained of was probably the result of the refusal of The Joint Commission on Accreditation of Hospitals to grant accreditation to the Preston Memorial Hospital. That action of the board, nevertheless, was its own, and no delegation of authority appears from the allegations of the bill of complaint. See, however, *Duson v. Poage, supra; Hamilton County Hospital v. Andrews,* 227 Ind. 217, 84 N. E. 2d 469, certiorari denied 338 U.S. 831, 70 S. Ct. 73, 94 L. ed. 506.

A further argument of plaintiff relates to the contention that Code, 16-5B-8, as amended, relating to the licensing of hospitals, and providing that no license shall be refused ''solely by reason of the school or system of practice employed or permitted therein'', necessarily precludes the right of the board of trustees of Preston Memorial Hospital to deny plaintiff the right to practice in the hospital. We think, however, that the statute relates only to the question of licensing of a hospital, not to the question of what practitioners shall be entitled to practice in a licensed hospital, and does not attempt to control or limit the powers specifically vested in the board of trustees by Chapter 43 of the 1951 Acts of the Legislature.

What has been said, we think, sufficiently answers each of the several questions certified. The rulings of the Circuit Court of Preston County must be affirmed.

*Rulings affirmed.*